Jackson v. Reid.

------

## JOHN JACKSON v. W. E. REID.

1. MORTGAGE; *Priority; Burden of Proof.* One who seeks to have priority given to an unrecorded over a later and recorded mortgage, has the burden of proof, and must affirmatively show actual notice.

2. ———— Under our statute concerning conveyances, the same rule as to the effect of record obtains in the case of mortgages as of deeds.

3. PRIORITY *of Recorded Mortgage, etc.; Notice.* A purchaser of a recorded mortgage, whether given to secure a negotiable or non-negotiable note, who purchases without actual notice of a prior unrecorded mortgage, obtains priority over such unrecorded mortgage; and this

notwithstanding the party from whom he purchased the second mortgage had notice of the prior mortgage.

4. ———— The fact that an unrecorded mortgage is for the purchase-money, gives it no priority over a later recorded mortgage.

### Error from Cloud District Court.

ACTION brought by *Reid* against Carney and wife, upon a certain note and a mortgage executed by the defendants. *Jackson* was made a party defendant in the action. Trial at the August Term, 1882, of the district court, and judgment for plaintiff. *Jackson* brings the case here.

*J. W. Sheafor,* and *B. R. Anderson,* for plaintiff in error.

*Theo. Laing,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is as to which of two mortgages has the priority. The facts are these: On October 22, 1881, one Carney bought of plaintiff in error, defendant below, a house and lot in Clyde, and gave him a mortgage for part of the purchase-money. This mortgage was recorded on October 26. On October 23, said Carney executed another note and a mortgage, which were dated October 22. The following is a copy of the note:

"On or before the 13th day of January, 1882, I promise to pay in the city of Chicago, Ill., to the Victor Sewing Machine Company, the sum of one hundred and twenty-nine dollars, and on the first day of March, 1882, I promise to pay in the city of Chicago, Ill., to the Victor Sewing Machine Company, the sum of fifty and $\frac{4}{100}$ dollars, with exchange for both amounts. Should I fail to pay said sums of money at the place and to the parties herein designated, then the whole of said sums of money, to wit, one hundred and seventy-nine and $\frac{4}{100}$ dollars, becomes due and payable at Clyde, Cloud county, Kansas, to David Turner, jr., with interest after maturity at the rate of twelve per cent. per annum until paid.                    M. W. CARNEY."

The mortgage securing this ran directly to Turner as mortgagee, and was recorded October 24. October 23,

Turner indorsed the note to the defendant in error, plaintiff below, and at the same time delivered to him the mortgage. The testimony fails to show any knowledge by defendant in error, of plaintiff in error's mortgage at the time of this indorsement and transfer. It may perhaps also be a question upon the testimony whether Turner knew of plaintiff in error's mortgage at the time his own was executed. The case was tried by the court without a jury; a general finding and judgment were entered in favor of plaintiff, finding his note and mortgage a lien prior to that of defendant's unrecorded mortgage. As the court found generally in favor of the plaintiff, such finding is equivalent to a finding of every fact which the testimony will warrant, and which is necessary to uphold the judgment. If the testimony would warrant a finding that Turner had no knowledge of defendant's mortgage at the time his own was executed, there would be little question in the case; for § 21 of our statute concerning conveyances, (Comp. Laws 1879, p. 212,) reads:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have *actual notice* thereof, until the same shall be deposited with the register of deeds for record."

Mortgages are unquestionably within the scope of this section. (*Lewis v. Kirk*, 28 Kas. 504.) Jackson's mortgage was unrecorded at the time Turner's was executed, as well as at the time it was recorded, so that if Turner had no actual notice, his mortgage was entitled to priority. In such a case the burden is on the holder of the prior unrecorded mortgage to prove the exceptions named in the section. *Prima facie*, it is subordinate to the later recorded mortgage. So it devolved upon Jackson to show that Turner had actual notice. As heretofore stated, Jackson's mortgage was executed and delivered, October 22. Turner's mortgage, though dated the same day and probably prepared and partially executed, was not in fact finally completed and delivered until the 23d. Both Jackson, and Carney, the mortgagor, tes-

tified that on the 22d they each told Turner of the Jackson
mortgage. Turner testifies that the mortgagor did not tell
him of the Jackson mortgage, and that he first heard of it
on the 23d. He does not say that he did not hear of it until
after his own note and mortgage were delivered to him. On
the contrary, while testifying about transferring the note and
mortgage to Reid, the plaintiff, he says that he did not tell
him of the Jackson mortgage, though he knew of its exist-
ence; and this indorsement and transfer, as heretofore stated,
were on October 23. Of course if Turner took his mort-
gage in ignorance of Jackson's mortgage, he took a prior
lien, and could transfer the same priority to any purchaser.
(Wade on the Law of Notice, § 241; *Trull v. Bigelow*, 16
Mass. 406; *Somes v. Brewer*, 2 Pick. 184.)

But in view of the uncertainty in the testimony, the fact
of Turner's admitted knowledge on the day he received the
note and mortgage, and the further fact that defendant in
error's counsel does not in his brief insist that Turner took
without notice, we are constrained to pursue our examination
farther, and inquire whether, assuming that Turner took with
notice, Reid was entitled to priority. Of course as this was
a non-negotiable note, the indorsee would take it subject to
all equities as between the original parties. Any defense
that the maker and mortgagor could make to the papers
in the hands of Turner, could be maintained against the
plaintiff. But nothing of this kind is here involved. The
mortgagor does not question the mortgage. There is no sug-
gestion of invalidity in it or the note. A third party, not
questioning the validity of either, claims a priority of lien
upon the mortgaged property. Independently of statute,
unquestionably the prior mortgage would give the prior lien.
But the section heretofore quoted postpones the unrecorded
to the recorded instrument. Is the purchaser of a mortgage
within the protection of this section? This question must
be answered in the affirmative. Unquestionably if Turner
had taken a deed of the property, though with knowledge
of the prior mortgage, Reid, ignorant of such mortgage, could

with safety have taken a conveyance or a mortgage from Turner. The registry laws would protect him in dealing with perfect safety with Turner, the apparent owner. If he may purchase from one apparently the owner, and be safe, so may he purchase a mortgage from one apparently holding the only mortgage lien, and be safe. So far as the registry laws affect the question, a mortgage stands upon the same platform as a deed. (*Lewis v. Kirk,* supra.) The unrecorded instrument, whether deed or mortgage, is void except as between the parties and those who have actual notice, and a party ignorant of an unrecorded instrument may purchase of one holding record title or mortgage interest without fear of being disturbed by the claimant under such unrecorded instrument. (*Mott v. Clark,* 9 Pa. St. 399; Wade on the Law of Notice, § 262; *Choteau v. Jones,* 11 Ill. 300; *Lightner v. Mooney,* 10 Watts, 407.) It follows, then, that as Reid did not know, at the time of his purchase, of Jackson's unrecorded mortgage, he acquired a priority of lien, and this irrespective of the question whether Turner had knowledge of such mortgage.

One or two other questions require notice. It is insisted that Turner was not the payee of the note, and therefore could not indorse and transfer it to the plaintiff. But evidently Turner had an interest in the note, contingent though it might be. The mortgage ran to him personally; he held possession of both note and mortgage, and transferred both to plaintiff; and by the maturity of the note before the commencement of this action, Turner's contingent interest had become fixed and absolute.

Again, it is said that the mortgage to Jackson was given for purchase-money, and given at the time of the conveyance to the mortgagor, and that hence it is entitled to priority. This is a mistake. By statute a mortgage for the purchase-money has preference over a prior judgment. (Comp. Laws 1879, p. 555, § 4.) But the fact that a mortgage is given for purchase-money does not place it outside the provisions of the registry act, or give it a priority to which it would not be

entitled under said act. These are all the matters necessary to be considered, and in them appearing no error, the judgment of the district court will be affirmed.

All the Justices concurring.