State ex. rel. Clancy v. Hall, State Treasurer, 23 N. M., 422

(No. 2129, November 9, 1917.)

## STATE ex rel. CLANCY v. HALL, State Treasurer.

### SYLLABUS BY THE COURT.

1.    There is a presumption in favor of the constitutionality of a statute, and in accordance therewith, when a statute is susceptible of two constructions, one of which supports the act and gives it effect, and the other renders it unconstitutional and void, the former will be adopted, even though the latter may be the more natural interpretation of the language used.    Held, that chapter 111, Laws 1917, is not unconstitutional and void, because it appoints a commission for the "investigation and settlement" of the Colorado-New Mexico boundary, as it will be presumed the Legislature did not intend to authorize the commission itself to make a binding settlement, but only to conduct negotiations for a settlement, which would ultimately be approved by the Legislatures of the two states.                                    P. 426

2.    Said act is not unconstitutional and void because it authorizes the commission to "commence and prosecute any and all actions necessary and requisite in the judgment of the commission for the proper determination and location of said boundary lines."                                    P. 429

3.    The act is not a delegation of legislative power, because the Legislature itself authorizes and directs the institution of the suit, and makes the boundary commission the agent of the state for the purpose of so doing.                    P. 429

4.    The court will not look behind the enrolled and engrossed bill, properly signed and certified as required by the Constitution, and filed in the office of the secretary of state, to the journal of either house of the Legislature, for the purpose of ascertaining whether the Legislature has observed the constitutional requirements as to procedure in the passage of the bill; Kelley v. Marron, 21 N. M. 239, 153 Pac. 262, followed.

P. 431

5.    Where the state Constitution does not prescribe the duties of the Attorney General, it is competent for the Legis-

lature to authorize named attorneys to appear for the state in litigation affecting its interests, or provide for the employmen of attorneys by a commission appointed to represent the state.                                                                                                P. 432

6.   When a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied.                                                            .          P. 432

Appeal from District Court, Santa Fe County; Holloman, Judge.

Mandamus by the State of New Mexico, on relation of Frank W. Clancy, against H. L. Hall, as Treasurer of the State of New Mexico.   Judgment for relator, and defendant appeals.   Affirmed.

Harry L. Patton, Attorney General, and Milton J. Helnick, Assistant Attorney General, for appellant.

.   Boundary bill conflicts with constitution of U. S. in that it attempts to prescribe settlement of boundary dispute between states.

Rhode Island v. Mass., 12 Pet. 651.

Bill is in violation U. S. Constitution in that it attempts to authorize, commission and attorneys to institute and prosecute actions necessary in its judgment, in place of the only possible action that can be brought under the Constitution.

City of Beatrice v. Wright, 72 Neb. 689, which doctrine is repeated and affirmed in Minneapolis Brewing Co. v. McGillivray, 104 Fed. 258; Davidson v. New Orleans, 96 U. S. 97; County of San Mateo v. S. P. Ry. Co., 13 Fed. 77; Stewart v. Palmer, 74 N. Y. 183; Thomas v. Gain, 35 Mich. 155; Brown vs. City of Denver, 7 Colo| 305, 3 Pac. 455.

The bill violates the State Constitution in attempting to delegate the sovereign power of the state to a commission.

36 Cyc. 838; Foster & Elam v. Neilson, 2 Pet. 254; Va.

v. Tenn., 148 U. S. 503; Chesapeake Canal Co. v. B. & O. Ry Co., 17 Md. App. 1.

Limitation as to time of introduction of bills cannot be evaded by engrafting on original bill, foreign and disconnected amendments.

36 Cys. 948; Council v. Schmidt, 87 N. W. 803; People v. Loomis, 136 Mich. 555, 3 Ann. Cas. 751; Sackrider v. Supervisors, 44 N. W. 165; Attorney General v. Detroit Road Co., 56 N. W. 943; State v. Nashville, etc., Co., 127 Tenn| 292, 154 S. W. 1151, Ann. Cas. 1914 B. 1243.

The bill is unconstitutional in that it attempts to transfer the duties of the Attorney General to undesignated individuals.

Note:    Ann. Cas. 1914 D. 155.

State v. Bubuclet, 27 La. Ann. 29; Henry v. State, 87 Miss. 1, So. 856.

Statute is void for uncertainty.

State v. State Board of Canvassers, 150 N. W. 542.

Bill violates state constitution in that journals show that the bill was unlawfully passed.

36 Cyc. 957; Kelley v. Marron, 21 N. M. 239 distinguished; Marshall Field & Co. v. Clark, 143 U. S. 649; State v. Jones, 34 Pac. 101, 6 Wash. 453; State v. Long, 21 Mont. 36; Telegraph Co. v. Nashville, 118 Tenn. 1, 101 S. W. 770; in Re Drainage Dist. 143 Pac. 299; Ernest v. Sargent, 150 Pac. 1018; notes 40 L. R. A. (N. S.) 1.

Frank W. Clancy, of Santa Fe, for appellee.

Consent of Congress is not essential to compact between the States.

Virginia v. Tennessee, 148 U. S. 503, 517, et seq.; Wharton v. Wise, 153 U. S. 155, 168-171.

### OPINION OF THE COURT.

ROBERTS, J.—On August 18, 1917, Frank W. Clancy, an attorney, presented to the treasurer of the state of New Mexico, a warrant in his favor in the sum of $2,500, payable out of the state boundary commission fund, and drawn by W. G. Sargent, state auditor, as part payment of spe-

cial counsel fees under the provisions of chapter 111, Laws 1917. The treasurer of the state refused to honor and pay such warrant on the ground that chapter 111 of the Laws of 1917, by authority of which the warrant was issued, was an invalid enactment, in violation of the Constitution of the United States and the state of New Mexico. On August 21, 1917, Frank W. Clancy filed his application and complaint in the district court of Santa Fe county, setting forth the facts of the presentation of the warrant and the refusal of payment, and prayed for the issuance of a writ of mandamus to compel the state treasurer to honor the warrant in question. The alternative writ was accordingly issued and directed to the state treasurer. To this writ the state treasurer made return and answer, which admitted the presentation of the warrant and the refusal to pay the same, but which attempted to show as a cause for such refusal that said act was unconstitutional, specifying the reasons for such claimed unconstitutionality. The return of the state treasurer was held insufficient by the lower court, and a final judgment was rendered, by which a preemptory writ was ordered to be issued, directed to the treasurer, commanding the payment of the warrant. From such final order and judgment this appeal is prosecuted, and the sole issue for determination is the validity of chapter 111 of the Laws of 1917.

The first section of the act provides for the creation of a boundary commission, consisting of three members, to be appointed by the Governor of the state, and contains other provisions relative to the organization of the board when it shall be appointed. The second and third sections of the act read as follows:

"Sec. 2. There is hereby appropriated the sum of thirty-five thousand dollars ($35,000) for the expenses and the payment of attorneys' fees in the prosecution of the suit of the state of New Mexico against the state of Texas, now pending in the Supreme Court of the United States, concerning the boundary line between the state of New Mexico and the state of Texas and for the investigation and settlement of the dispute between the state of New Mexico and the state of Colorado regarding the proper location of the boundary line between said states.

"Sec. 3. The said state boundary commission is hereby au-

426    SUPREME COURT OF NEW MEXICO,

State ex. rel. Clancy v. Hall, State Treasurer, 23 N. M., 422

thorized to employ special counsel to represent the state in the prosecution of said suit, and authorize such special counsel in the name of the state to commence and prosecute any and all actions necessary and requisite in the judgment of the commission for the proper determination of the location of said boundary lines, and out of the money herein appropriated to pay to the attorneys so employed such compensation as may be fixed by the commission, and to pay the expenses of printing and preparing the record and the briefs in said suit, and such other expenses in connection with such matters, including any and all necessary surveys which the commission may deem advisable to be made, as the commission may deem necessary, including the hotel and traveling expenses of the attorneys and members of the commission."

The fourth section contains provisions relative to the payment by the commission of the cost, expenses, and compensation of attorneys, and concludes as follows:

"The members of said state boundary commission shall receive no compensation for their services, and said commission shall cease to exist upon the filing with the secretary of state of a certified copy of the final decree or judgment of the Supreme Court of the United States in the suit of the state of New Mexico against the state of Texas, and of the filing of the decree or judgment or other evidence of the settlement or determination of the proper location of the boundary line between the state of New Mexico and the state of Colorado."

[1]    The first point made by appellant is that the act in question is in violation of the Constitution of the United States, in that it attempts to prescribe a settlement of the question of the location of the boundary between the states of New Mexico and Colorado, without an·agreement and compact between said states to be ratified by the Congress of the United States; it being appellant's contention that there is only one way under the Constitution of the United States by which a boundary dispute between states may be determined, in the absence of a suit in the Supreme Court of the United States, and that is by solemn compact between the states, to be ratified by Congress, citing the case of Rhode Island v. Massachusetts, 12 Pet. 657, 9 L. Ed. 1233. Assuming the statement of the law to be correct, in order to sustain appellant's contention in this regard it would be necessary to hold that the act in question authorized the commission itself to effect a settlement with

the state of Colorado in regard to the boundary, and that such settlement should be binding upon the state of New Mexico. The language of the act in this regard, after making the appropriation and specifying certain purposes for which it is to be used, proceeds as follows:

"And for the investigation and settlement of the dispute between the state of New Mexico and the state of Colorado regarding the proper location of the boundary line between the said states."

It will be noticed that the statute does not in any way attempt to point out how or by whom the settlement is to be made. If it could be held that the statute authorized the making of any settlement of that dispute, only a proper settlement within the limitations of law could be made; and if appellant's contention in regard to the manner in which such settlement could be legally made is correct, the presumption would be that the Legislature intended only to authorize such settlement. If further legislation were required in order to effectuate such settlement, it could be had upon presentation to the Legislature of any proposed settlement. When a statute is before the court for construction, and the language of the act is reasonably susceptible of two constructions, one of which would render the act inoperative and in contravention of the Constitution or law of the land, and the other would uphold the statute, it is the duty of the court to adopt the latter construction. If the sense of language used in a statute be doubtful or uncertain, such construction should be given, if it can be, as will not conflict with the general principles of law which it may be assumed the Legislature would not intend to disregard. Sutherland on Statutory Construction, § 447. Again, it is the duty of the court, where in doubt as to whether a given statute is in contravention of a constitutional provision, to resolve the doubt in favor of the constitutionality of the act.

"There is a presumption in favor of the constitutionality of a statute, and in accordance therewith, when a statute is susceptible of two constructions, one of which supports the act and gives it effect, and the other renders it unconstitutional and void, the former will be adopted, even though the latter

may be the more natural interpretation of the language used."
26 Amer. & Eng. Ency. of Law, 640.

The legislative branch of the government is charged with
the duty of enacting laws for the government of the peo-
ple, and it is to be presumed that this duty has been dis-
charged properly, unless it is clearly apparent to the con-
trary. In the case of State v. Lancashier, 66 Ark. 466,
51 S. W. 633, 45 L. R. A. 348, the court said:

"If we adopt the construction contended for by the Attorney
General, we must assume, as to a portion of the statute, that
the Legislature was attempting to do something it plainly had
no right to do, and such portion must be treated as unconsti-
tutional and void. But the courts always endeavor to avoid
declaring an act or any part thereof to be unconstitutional.
If it can reasonably be done, they avoid such a result by giv-
ing the statute such a construction as will enable it to take
effect in all its parts; for the presumption is that the Legisla-
ture intended the whole act to take effect."

Testing the statute in question by the foregoing rules, it
is apparent that the court must hold that by the use of the
word "settlement" the Legislature contemplated a legal set-
tlement, such as the state might lawfully make. We find in
language in the statute compelling a construction to the ef-
fect that the commission itself was given the power and
authority to bind the state by any settlemnet which it might
negotiate, or to sign any compact. The language in ques-
tion follows the appropriation of money, and was used for
the purpose of setting forth the purpose of the appropria-
tion and specifying for what purpose the money should be
expended, viz. the "investigation and settlement" of the
boundary dispute with the state of Colorado. Not a word
is contained in the statute as to how the settlement should
be effected, and, presumably, it was the intention of the
Legislature that an investigation should be made by the
commission for the purpose of ascertaining the true bound-
ary line between the two states, and that such commission
should be charged with the duty of taking such steps and
doing such acts as might be proper and essential in order
to bring about a final settlement of the disputed boundary.
In order to do this it would be necessary, according to the
contention of the Attorney General, to have the proposed

settlement ratified by the legislative assemblies of the two states and confirmed by Congress, and certainly an appropriate method of bringing about such concurrent action would be by first determining the true location of the boundary, and, second, securing the concurrent action of the Legislatures of New Mexico and Colorado. The Legislature evidently deemed that a commission was necessary, and that it should have the right to employ counsel and incur other expenses in and about the matter, and the court has no right to say that it was the legislaive intent that the commission, so created, should attempt to effectuate a settlement in any other than the lawful mode, which would be, as stated, to secure the adoption of a concurrent resolution by both Legislatures and confirmation thereof by Congress. Certainly it would be necessary for some individual or commission to act for the state in bringing about this result. For the foregoing reasons, we find no merit in this objection.

[2] It is next contended that the act in question is invalid, in that it attempts to authorize a boundary commission and attorneys to be appointed by it to commence and prosecute any and all actions necessary and requisite in the judgment of the commission for the proper determination of the location of said boundary line, and thereby attempts the institution of any kind of action or actions which may seem proper in the judgment of the commission in place of the only possible action that can be brought under the Constitution of the United States and can be authorized by the Legislature of New Mexico, viz. an original suit in the Supreme Court of the United States. The proper construction of the language used in the statute, in our judgment, is that the commission may authorize counsel to bring such action as is necessary and requisite in the judgment of the commission for the proper determination of the boundary line. If it is conceded that the only action possible is a suit in the Supreme Court of the United States, the only discretion given to the commission is to determine whether or not any such suit shall be brought.

[3] The third contention is that the boundary bill is in violation of the Constitution of the state of New

Mexico, in that it attempts to delegate to said boundary commission and its attorneys the power to settle and determine a boundary dispute with the state of Colorado, which said power can only be exercised by the sovereign state of New Mexico, acting through its Legislature, by means of a compact with the state of Colorado, and which said power cannot, under the Constitution of the state of New Mexico, be delegated by the Legislature, and because said bill is null and void and in violation of the Constitution of the state of New Mexico, in that said bill attempts to delegate to said boundary commission the power to commence an action, in its discretion, against the state of Colorado, on behalf of the state of New Mexico, for the determination of said boundary line, which said power cannot, under the Constitution of the state of New Mexico, be delegated by the Legislature, but an action against the state of Colorado must be authorized by the sovereign state of New Mexico, acting through its Legislature.

The first proposition under this point has been disposed of by what has heretofore been said. As to the suggestion that it is improper to delegate to the commission the power to commence an action against the state of Colorado, it is difficult to understand how it can be contended that this is any delegation of legislative power. A Legislature can act only through its properly authorized agents, and some measure of discretion must be given to such agents in order to have efficient and intelligent action. In the present case the Legislature has committed to the boundary commission the power to investigate the question of the proper location of the boundary in dispute and to institute any and all actions that may be necessary, in the judgment of the commission, to secure a judicial determination of the proper location of such boundary. This cannot be the delegation of improper power, because the Legislature itself authorizes and directs the institution of the suit, and makes the boundary commission the agent of the state for the purpose of so doing. Simply because the Legislature saw fit to intrust to the commission the power of determining the form and forum of the proper action cannot affect the validity of the act;

for if it be true, as contended by the Attorney General, and of course he is correct in this contention, the only proper action would be a suit in the Supreme Court of the United States, instituted on behalf of the state of New Mexico against the state of Colorado, and, this being true, necessarily the commission was only invested with the discretion to determine whether an action should be instituted. The objection here urged by the Attorney General might be put forward as consistently against the act passed in 1912 (Laws 1912, p. 76), authorizing the Attorney General to institute suit against the state of Texas to determine the boundary between New Mexico and Texas. The Attorney General was authorized to take such steps as might be necessary to determine th boundary, and to that end "to institute and prosecute any suit or suits." For the reason stated, we do not consider this objection tenable.

[4] The fourth objection is that the act in question is in violation of the Constitution of the state of New Mexico, in that said bill, while purporting to be a substitute for House Bill No. 264, introduced during the Third Regular Session of the Legislature of New Mexico, was in truth and in fact a new and different bill from the said House Bill No. 264, and said bill was a new bill for the appropriation of money, not for the current expenses of the government, introduced after the tenth day prior to the expiration of said session. This contention is based upon the provisions of section 19 of article 4 of the Constitution, which provides:

"No bill for the appropriation of money, except for the current expenses of the government, * * * shall be introduced after the tenth day prior to the expiration of the session, as provided herein, except by unanimous consent of the house in which it is introduced."

This question, however, is foreclosed by the decision of this court in the case of Kelley v. Marron, 21 N .M. 239, 153 Pac. 262. In that case the court, without reservation, committed itself fully to the doctrine that courts cannot go behind an enrolled and engrossed bill, properly authenticated, found in the office of the secretary of state as a

part of the records of that office. The reason for the rule is fully discussed in the opinion in that case, and further consideration, would serve no useful purpose. By reason of the rule therein announced, this objection is not well taken.

[**5**]   It is next contended that the act in question is in violation of the Constitution of the state, in that it atemps to transfer the duties of the Attorney General of the state to undesignated individuals, who are not law officers of the state of New Mexico. There is no merit in this contention. The State Constitution does not prescribe the duties of the Attorney General, and it must be evident that the Legislature, unless limited by some direct constitutional provision, has the power to direct how, when, where, and by whom the state shall be represented in all matters, whether of litigation or otherwise. This objection was not pressed upon the oral argument of the case, and further consideration is unnecessary.

[**6**]   It is next contended that the act in question is unconstitutional, because it is unintelligible, indefinite, uncertain, ambiguous, and meaningless, and that the provisions thereof cannot be carried into execution. The principal objection urged under this head is that the statute is incomplete, and the argument is advanced that it does not specify how the settlement shall be made, or by whom, or in what manner. In answer to this objection it may be stated that, when statutes confer powers, impose duties, and provide for the accomplishment of various objects, they are necessarily couched in general terms; but they carry with them, by implication, all the powers, duties, and rights necessary to accomplish the objects thereby sought to be attained. In 26 Ency. of Law, p. 642, it is said:

"When a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied."

The commission in question having been created for the purpose of investigating and settling the boundary dispute

with Colorado, all powers essential to the accomplishment of that object would be necessarily vested in the commission, and presumably the commission would take such steps as it lawfully could toward procuring such adjustment of the controversy. Appellant contends that the incompleteness of the bill arises from the fact that it authorizes the settlement of the Colorado dispute, and yet provides no method whatever by which such object can be attained. As we have stated, the object could be attained only in one way, and the power conferred would necessarily be construed as vesting in the commission only the right to bring about the settlement in a lawful manner.

For the reasons stated, we find no merit in any of the objections urged by appellant, and the judgment of the court below will be affirmed; and it is so ordered.

HANNA, C. J., and RAYNOLDS, D. J., concur.