[No. 3045.  Oct. 20, 1925.]

HERD v. STATE TAX COMMISSION OF NEW MEXICO et al.

[240 Pac. 988.]

### SYLLABUS BY THE COURT

Under the provisions of subsection 9, of section 507, of chapter 133, Laws 1921, the state tax commission has power to cause a reassessment of the property of any county, in whole or in part, when in its judgment the county assessor has failed to properly assess such property, and may em-

---

[1] 15CJ p. 583 n. 50; 37Cyc p. 1078 n. 86 New, 88 New.
[2] 36 Cyc p. 833 n. 55; 37 Cyc p. 1078 n. 86 New.  .

ploy its own agents in making such reassessment. The cost of such reassessment may be paid out of the tax commission fund in the first instance, to be repaid to said fund out of the general fund of the county.

Appeal from District Court, Socorro County; Owen, Judge.

Suit by J. G. Herd, operating and doing business under the name of the Montoso Sheep & Land Company, as a taxpayer, against the State Tax Commission of New Mexico and others, for an injunction. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions.

Summers Burkhart, of Albuquerque, for appellants.

W. J. Eaton, of Socorro, for appellee.

OPINION OF THE COURT

PARKER, C. J. The State Tax Commission ordered and had made a reassessment of Socorro county, proceeding under the provisions of subsection 9, of section 507, of chapter 133, Laws 1921, which is as follows:

"If in the judgment of the commission any county assessor has failed to properly assess the property in any county either in whole or in part, the commission shall have the power and be charged with the duty of causing the property in such county to be reassessed either in whole or in part as in the judgment of the commission shall appear necessary. The actual cost of such reassessment shall be paid by the county reassessed out of the general funds of the county."

The commission sought payment of the cost of such reassessment out of the general fund of the county, and the plaintiff (appellee), a taxpayer, brought suit to enjoin the payment of the same. The bill is framed upon the theory that the commission has no power to proceed independently of the assessor's office, as it did, and employ agents of its own to make the reassessment. A demurrer was interposed by the defendant (appellant) to the complaint, upon the ground that the court had no jurisdiction to control the discretion of the commission under such statute, and that the complaint failed to state facts constituting a cause of action. The demurrer was overruled, and, the

defendants electing not to plead further, the injunction was awarded as prayed, and this appeal was taken and perfected.

[**1**] 1. The district court filed an opinion to the effect that the statute does not authorize a reassessment by the commission through its own agents, as was done in this case. and held that the power was limited to supervisory control over the regular assessing officers of the county, relying, in connection with subsection 9, upon subsection 1, which is as follows:

"The commission shall:

(1) Have and exercise general supervision over the administration of the assessment and tax laws of the state, over boards of equalization and all officers having power of levy and assessment, to the end that all property subject to assessment shall be placed on the tax rolls and be assessed at its actual value."

In this interpretation of the statute, we think the court was in error. While it is true that most of the powers of the commission are supervisory in character, subsection 9 would seem to be designed to grant a power of a different character. This is a power of assessment. This power of assessment must be held to include the power to list and value the property by means of the commission's own agents, because it would be unlawful to compensate the assessor for the labor of making the reassessment by reason of the restrictions contained in section 1 of article 10 of the Constitution, which prohibits a county officer from receiving any fees or emoluments other than his salary. Section 6 of chapter 12, Laws 1915, makes the same provision. See, also, in this connection, State v. Romero, 17 N. M. 81, 124 P. 649, Ann. Cas. 1914C, 1114; State v. Montoya, 20 N. M. 104, 146 P. 956; State v. Field, 24 N. M. 168, 172 P. 1136. That expense will be incurred is contemplated by the section, and provision is made therein for its payment. Chapter 87, Laws 1923, also expressly provides for the payment of the cost of reassessment of counties as provided in subsection 9, out of the "tax commission fund," in the first instance, to be repaid to the fund

by the county. It seems clear, therefore, that the section confers the power exercised in this case.

[2] Counsel for appellee argues that the law creating the state tax commission is in conflict with the Constitution. The argument seems to be that because section 4 of article 22 of the Constitution carried forward as laws of the state all territorial laws, among which was the law creating the office of assessor, the assessor became a constitutional officer, and his powers and duties, as they existed under those laws, cannot be interfered with by the Legislature; hence the assessing power, as granted in section 9 above quoted, contravenes the Constitution. The fallacy of this argument is apparent. The section of the Constitution continues the territorial laws only until they shall be altered or repealed, and the Legislature has full power to repeal all or any of them. The Legislature may transfer the assessing power to any other officer or administrative body or commission. Counsel also refers to section 17 of article 22 of the Constitution, but it has no relevancy here. It merely provides for the calling of an election for the full corps of state and county officers to put the new state government into operation. Counsel also devotes a lengthy argument to the support of the judgment of the district court to the effect that the statute does not grant the power exercised in this case; but in this, as we have seen, he is in error.

It follows from all of the foregoing that the judgment of the district court is erroneous and should be reversed, and the cause remanded, with directions to set aside the judgment, and to dismiss the complaint, and it is so ordered.

BICKLEY and WATSON, JJ., concur.