314 P.2d 712

**John Nep TORRES, Capitol Custodian of New Mexico, Petitioner,**

v.

**Joseph B. GRANT, State Treasurer of New Mexico, Respondent.**
No. 6267.

Supreme Court of New Mexico.
July 12, 1957.

Rehearing Denied Sept. 16, 1957.

Harry L. Bigbee, Donnan Stephenson, Matias A. Zamora, Santa Fe, for petitioner.

Simms, Modrall, Seymour, Sperling & Roehl, Albuquerque, for respondent.

COMPTON, Justice.

This is an original proceeding in mandamus in which we are asked to issue a peremptory writ directing respondent to honor and pay a certain warrant drawn on him and payable to petitioner, or show why he had not done so. The State Auditor, J. D. Hannah, had previously issued to petitioner a warrant drawn on respondent in payment of services. On presentation of the warrant, the respondent refused to honor it, assigning as a reason therefor the force of Chapter 252, Laws 1957, which provides that warrants on state funds may be drawn only by the Director of the Department of Finance and Administration.

It is contended by petitioner that the Act is unconstitutional in that it removes from

the State Auditor, a constitutional officer, substantially all the powers and duties of that office. The validity of the 1957 Act is thus challenged.

The powers and duties of the State Auditor first appear in the Kearny Code under effective date of September 1846, then in Laws 1851–1852 and later as Section 4–4–2, 1953 Compilation. Those duties were:

"The state auditor shall audit, adjust and settle all claims against the state payable by-law out of the treasury; he shall draw all warrants on the state for money; he shall express in the body of every warrant the particular fund appropriated by law out of which the same is to be paid; audit, settle and adjust the accounts of all collectors of revenue and other holders of public money who are required by law to pay the same into the state treasury; keep an account between the state and the treasurer; report to the legislature at the commencement of each regular session a full and detailed statement of the revenue and expenditures for the preceding two (2) years, and a full and detailed estimate of the revenues and expenditure for the succeeding two (2) years, and a tabular statement showing separately the whole amount of each appropriation of money made by law for the two (2) years preceding, the amount paid under the same, and the balance unexpended."

Chapter 252, Laws 1957 admittedly strips the State Auditor of many of the more important statutory duties and powers previously performed by him. But in view of what is later said, that does not render the Act unconstitutional. We notice that Article 5, Section 1, New Mexico Constitution, adopted January 21, 1911, in designating the executive officers of our state government, among which is the office of State Auditor, is silent as to the duties appertaining to the office of State Auditor. This being so, the legislature had power to transfer purely statutory duties of the office previously performed by the auditor to another officer of its own choosing. Herd v. State Tax Commission, 31 N.M. 44, 240 P. 988; State ex rel. Clancy v. Hall, 23 N.M. 422, 168 P. 715; State v. Davidson, 33 N.M. 664, 275 P. 373; Cort v. Smith, 249 App.Div. 1, 291 N.Y.S. 54, affirmed 273 N.Y. 481, 6 N.E.2d 414; Shute v. Frohmiller, 53 Ariz. 483, 90 P.2d 998. Further support for the conclusion reached is found in Article XXII, Section 4 of the New Mexico Constitution. The section reads:

"(Territorial laws.)—All laws of the territory of New Mexico in force at the time of its admission to the Union as a state, not inconsistent with this

Constitution, shall be and remain in force as the laws of the state until they expire by their own limitation, *or are altered or repealed;* and all rights, actions, claims, contracts, liabilities and obligations, shall continue and remain unaffected by the change in the form of government." (Emphasis ours.)

It is clear from a reading of the above section that the constitution makers anticipated there might be need for changes in statutory duties from time to time and expressly provided therefor.

In the Clancy case the attorney general, a like constitutional officer, whose duties had not been designated in the constitution, made the contention he had been stripped of some of his official duties allegedly in violation of Section 1, Article 5, and this Court said:

"It is next contended that the act in question is in violation of the Constitution of the state, in that it attempts to transfer the duties of the Attorney General of the state to undesignated individuals, who are not law officers of the state of New Mexico. There is no merit in this contention. *The state Constitution does not prescribe the duties of the Attorney General, and it must be evident that the Legislature, unless limited by some direct constitutional provision, has the power to direct how, when, where, and by whom the state shall be represented in all matters, whether of litigation or otherwise."* [23 N.M. 422, 168 P. 719.] (Emphasis ours.)

Of course the legislature cannot abolish a constitutional office nor deprive the office of a single prescribed constitutional duty. Nor can this be done by indirection, such as depriving him of all statutory duties, thereby leaving the office in name only, an empty shell. These principles are so well established that citation of authorities is unnecessary. But such is not the case here. The same legislature which deprived respondent of most of his prior statutory duties, including the duty to issue warrants, enacted Chapter 248, which conferred on the office of auditor various additional duties, particularly post audit duties. Consequently, in this connection, we may and should consider the so called "pari materia" rule of construction. Under this rule, in construing a particular statute, all statutes relating to the same general purpose and passed by the same legislature, should be construed together as if they constituted but one law. State ex rel. Red River Valley Co. v. District Court of Fourth Judicial Dist., 39 N.M. 523, 51 P. 2d 239. So when the two chapters are so construed, we find the duties of the auditor substantially the same as previously performed by him, except pre-audit duties and the duty of issuing war-

rants, which duties had been transferred to the Director of the Department of Finance and Administration by the 1957 Act.

A forceful consideration not to be overlooked should be mentioned before we close our opinion. Article IV, Section 30, New Mexico Constitution, provides so far as material, as follows:

"Except interest or other payments on the public debt, money shall be paid out of the treasury only upon appropriations made by the legislature. No money shall be paid therefrom except upon warrant drawn *by the proper officer*. Every law making an appropriation shall distinctly specify the sum appropriated and the object to which it is to be applied." (Emphasis ours.)

If the framers of the constitution had not been mindful of the fact the legislature at some future time might wish to make changes such as are now before us, this would have been a mighty good place to confine the issuance of warrants to the State Auditor by name.

It follows the petition for peremptory writ of mandamus is denied.

It is so ordered.

SADLER, McGHEE and H. A. KIKER, JJ., and McMANUS, District Judge, concur.

LUJAN, C. J., not participating.