448 P.2d 799

Harold G. THOMPSON, Auditor, State of New Mexico, Petitioner,

v.

The LEGISLATIVE AUDIT COMMISSION, Hon. Jeff Good, Hon. I. M. Smalley, Hon. J. Minor Rudolph, Hon. John M. Eaves, Hon. Brad Prince, Hon. Raymond Pendleton, Hon. Alex G. Martinez, constituting the members of the commission and C. R. Sebastian, Legislative Auditor, Respondents.

No. 8717.

Supreme Court of New Mexico.

Nov. 25, 1968.

Rehearing Denied Jan. 7, 1969.

James E. Thomson, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for respondents.

## OPINION

CARMODY, Justice.

In this original mandamus proceeding, the State Auditor challenges the validity of ch. 287, Sess.L.1965 (§§ 4–24–1 to 4–24–25, N.M.S.A.1953).

The New Mexico Constitution, art. V, § 1, designates the executive officers of the State, and specifically includes the "state auditor"; however, it is silent with respect to any duties of that office. Two sections of the statute point up the controversy. Sec. 4–24–23 provides for a transfer from the state auditor to the legislative audit commission of all equipment, supplies, records, and any other property or thing held by him in his official capacity; § 4–24–24 spells out the intent of the legislature to the effect that the state auditor shall continue his duties until January 1, 1967, and after that date the salary of the state auditor shall be reduced to the sum of $1.00 per year.

Before proceeding to the merits, we will dispose of respondents' contention that mandamus is not a proper remedy by which the petitioner can attack the constitutionality of the statute involved. Admittedly, there are cases which have denied mandamus where the petitioner sought to have a statute declared unconstitutional, and there are general statements in both the cases and the texts that seem to sustain this view. On the other hand, this court has not insisted upon such a technical approach where there is involved a question of great public import. In State ex rel. Shepard v. Mechem, 56 N.M. 762, 250 P.2d 897 (1952), and very recently in State v. Evans, 79 N.M. 578, 446 P.2d 445, decided Oct. 25, 1968, we specifically ruled contrary to the contention here made by respondents. See, also, State ex rel. Witt v. State Canvassing Board, 78 N.M. 682, 437 P.2d 143 (1968); and Torres v. Grant, 63 N.M. 106, 314 P.2d 712 (1957). Other courts have likewise not hesitated to face the issues involved, notwithstanding what is claimed to be the general rule to the contrary. See, State ex rel. Sullivan v. Boos, 23 Wis.2d 98, 126 N.W.2d 579 (1964); and Hudson v. Kelly, 76 Ariz. 255, 263 P.2d 362 (1953); and see, also, Rich v. Williams, 81 Idaho 311, 341 P.2d 432 (1959).

It is our opinion under the circumstances of this case that mandamus is proper in view of the possible inadequacy of other remedies and the necessity of an early de-

cision on this question of great public importance.

To bring the present controversy into proper perspective, we first take note of Torres v. Grant, supra, in which the validity of ch. 252, Sess.L.1957, was challenged. That particular statute removed from the state auditor substantially all his powers and duties relating to "pre-audits" which had been authorized by law and exercised between the years 1865 and 1957. During the period between 1915 and 1957, the traveling auditor and later the state comptroller, not the state auditor, performed all of what may be termed "post-audit duties." By the 1957 statute, the office of state comptroller was abolished and all post-audit duties were, by ch. 248 of the Laws of 1957, placed in the state auditor. The pre-audit duties were, by ch. 252, taken from the state auditor and given to a newly-created department of finance and administration.

In Torres, we declined to find the statutes unconstitutional, principally on the basis that the state auditor's duties had not been specified in the constitution. It was the court's determination that, in view of this fact, it was within the authority of the legislature to take away some of the functions of the office provided for by statute, particularly as long as, in the same session of the legislature, other auditing responsibilities of a substantial nature were imposed upon the office. However, in the Torres case, we said:

"Of course the legislature cannot abolish a constitutional office nor deprive the office of a single prescribed constitutional duty. Nor can this be done by indirection, such as depriving him of all statutory duties, thereby leaving the office in name only, an empty shell. * * * *"

Although the above statement was not felt by the court to apply in the Torres case, it is directly applicable here. The 1957 act deprived the auditor of all pre-audit powers and duties, and the 1963 act completely deprived him of all remaining statutory duties devolving upon him as an auditor. Admittedly, the state auditor still has some miscellaneous duties; he is a member of the state board of finance, he is a member of the board of directors of the employees' public retirement association; and, although considerably down the line, he is in the line of gubernatorial succession. However, other than these duties, and perhaps one or two others of little consequence, the office of the state auditor has been left "an empty shell."

We have been cited no case, and we have been able to find none, which sanctions the abolition of a constitutional office in a manner attempted here. To the contrary, there are several cases almost directly in point which have declared unconstitutional legislation which attempted to abolish a constitutional office by indirection. See, particularly, Hudson v. Kelly, supra; Wright v. Callahan, 61 Idaho 167, 99 P.2d 961 (1940); American Legion Post No. 279 v. Barrett, 371 Ill. 78, 20 N.E.2d 45 (1939); and see annotations 4 A.L.R. 205 at 211, and 172 A.L.R. 1366 at 1376.

The Hudson case concerned the constitutionality of an Arizona statute, which, in an attempt to modernize the entire state financial operation, transferred all of the duties of the state auditor to an appointive official. The Arizona statute even went to the extent of providing for interim duties for the state auditor until such time as the constitution was amended to abolish the office. However, the supreme court of that State unanimously concluded that the statute was unconstitutional in that it attempted to destroy the independent constitutional office of state auditor.

The above case was strongly relied upon in the briefs in Torres v. Grant, supra, but we did not see fit to mention it or distinguish it, because of the imposition, in 1957, of the substantial post-audit duties upon the state auditor. However, now, the Arizona case can no longer be ignored, because, with the passage of the 1963 Act when considered in connection with the 1957 Act, we are faced with the almost identical situation as concerned the Supreme Court of Arizona, the only difference being

that Arizona did by one statute what New Mexico has done by two, albeit at different sessions of the legislature.

■ Although, as stated, the constitution is silent as to the duties of the office (and we would note in passing that there is likewise no specific mention of the duties of the secretary of state, state treasurer, or attorney general), surely it cannot be logically contended that the failure to prescribe specific duties to the office of state auditor meant that the constitution makers felt that, with the passage of time, there might no longer be any need for such office and that the legislature could, by statute, in effect abolish it. It would seem to us that, both historically and fundamentally, the office of state auditor was created and exists for the basic purpose of having a completely independent representative of the people, accountable to no one else, with the power, duty and authority to examine and pass upon the activities of state officers and agencies who, by law, receive and expend public moneys.

Ballentine Law Dictionary, 2d ed., defines "auditor" as follows:

> "An officer of the government, whose duty it is to examine the acts of officers who have received and disbursed public moneys by lawful authority."

Such a well-understood meaning is not to be ignored. The instant case is not like that with which this court was concerned in State v. Davidson, 33 N.M. 664, 275 P. 373 (1929), and State ex rel. Clancy v. Hall, State Treasurer, 23 N.M. 422, 168 P. 715 (1917), both of which involved the taking away of a relatively small part of the attorney general's duty to represent the State, and are not authority for the action with which we are here concerned, even if they are based upon sound legal reasoning, which is not without question.

The Constitution of New Mexico, as do most other state constitutions, provides for a separation of powers between the legislative, executive and judicial departments of the government (art. III, § 1). Although not argued, it is suggested that the 1965 Act, by giving certain auditing duties to the legislative department, violates the principle of separation of powers. We find it unnecessary in resolving this case to express an opinion on that issue, as we are satisfied that the act is unconstitutional for the reasons stated. Compare Hudson v. Kelly, supra.

■ We recognize, as pointed out by the respondents, the desirability of the modern approach by which the legislature designates its own auditor to perform the post-audit function; thus, in essence, that the legislature having appropriated the funds, it should have its own official to report to it with respect to how the funds are expended. We find no fault with such a concept, provided it can be achieved without violating the constitution. We would here note that an effort was made to abolish the office of state auditor as an elective official by amending the constitution. Sess. L.1961 at 856. However, such effort was unsuccessful, as the proposal was defeated, thus showing that the people were not willing to allow their "watch-dog" representative to be eliminated. So to sanction the legislative repeal of the office would not only thwart the constitutional provision but would circumvent the will of the people as expressed at the ballot box.

It is argued by respondents that the office is not really abolished because the general appropriation acts, passed in succeeding sessions of the legislature, provided a salary for the state auditor of $7,200.00 for the years 1966 and 1967, and $5,100.00 for the years 1968 and 1969, thereby making inapplicable the $1.00 per year salary specified in § 4-24-24, supra. Such an argument is, of course, fallacious on at least two bases, (1) that there is an apparent attempt to pay a substantial sum of money for a job which has no duties justifying such an expenditure, and (2) that there is considerable doubt of the validity of the legislative action in setting a salary in the appropriation bill, which is different than that provided in a specific statute. See art. IV, § 16 and 30.

An examination of the chapter (§§ 4–24–1 to 4–24–25, N.M.S.A.1953) makes it appear that the whole purpose was to take away from the state auditor all post-audit duties (the pre-audit duties having been superseded in 1957) and place them with the legislative audit commission, and making the commission's appointee, the legislative auditor, responsible for substantially all the duties performed by the state auditor after 1957.

The removal of the duties implicit in the office of state auditor requires us to declare unconstitutional the entire statute. The effect of this ruling is to determine that ch. 287 of the L. of 1965 is a nullity including its attempted repeal of ch. 248, L.1957.

The alternative writ of mandamus is made permanent. It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.