464 P.2d 377

William L. POLLEI and Estrid L. Pollei, his wife, Plaintiffs and Respondents,

v.

James W. BURGER and Lenore M. Burger, his wife, Defendants and Appellants.

No. 11775.

Supreme Court of Utah.

Jan. 20, 1970.

Kent T. Yano, Glenn Acomb, Salt Lake City, for appellants.

Richard L. Bird, Jr., Salt Lake City, for respondents.

HENRIOD, Justice:

Appeal from a money judgment by the court sitting without a jury, in favor of plaintiffs Pollei, who claimed a vendor's lien against the fee title to real property vested in defendants Burger. Reversed with costs on appeal to Burgers.

On May 26, 1962, Polleis, as sellers, signed a uniform real estate contract with Mr. and Mrs. Wurst, as buyers, agreeing to convey the subject property upon payment of the purchase price, provided for partly, by down payment, transfer of a piece of property, and the balance in monthly installments. The agreement was not recorded at that time. Two days later, on May 28, 1962, the Polleis conveyed the property by *Warranty Deed* to the Wursts, which deed promptly was recorded the next day, May 29, 1962.

Twenty months later, on January 4, 1964, after the Wursts had become delinquent in payments to Pollei, the real estate contract was recorded upon advice of counsel. Mr. Wurst, nonetheless, continued to pay up to March 6, 1966, when he could pay no more. He and his wife then conveyed the property to the defendants Burger on April 28, 1966. Thereafter, Polleis sued the Wursts,—not the Burgers,—and took judgment *against the Wursts* in July 1967, for about $3500, the balance due on the promise made in the real estate contract. The Polleis could not collect on the judgment because Mr. Wurst wiped it out by bankruptcy proceedings. So far as this record is concerned it would appear that the judgment obtained by the Polleis still may be alive and subsisting against Mrs. Wurst.

Being unable to collect from Wursts, the Polleis sued the Burgers in this action to collect the same amount represented in the judgment, except that in this case the Polleis seek to recover by virtue of an alleged vendor's lien on the property,— a theory not asserted against the Wursts in the previous action. Nor did Polleis join the defendants Burger in the Wurst ac-

tion by virtue of any such theory or cause of action.

The Burgers, on appeal, urge that 1) Polleis had no vendor's lien to assert, with which contention we agree, 2) that the real estate contract was not properly acknowledged for recording purposes, and 3) that Polleis are estopped to assert a lien because of waiver,—which last two points we need not canvass in view of our conclusion as to point 1).

When Polleis executed and delivered the Warranty Deed to Wursts and recorded the same, they effectively divested themselves of any title they had so far as third parties were concerned. There was nothing in the deed that even hinted there was any interest in the property reserved or claimed by the Polleis. Under such circumstances, this court has said, in Petrofesa v. Denver & R. G. W. R. Co.,[1] that:

tiffs received no conveyance or grant * * * The argument that plaintiffs of any ditch right or easement to conduct water over the right-of-way, disregards the fact that plaintiffs received a warranty deed which is absolute in form. A warranty deed conveys the fee simple title "together with all the appurtenances, rights and privileges thereunto belonging," by force of Sec. 78–1–11, U.C.A.1943, unless some rights are

reserved by the terms of the conveyance. * * * *[2]

More recently, we decided Peterson v. Carter,[3] which, on similar facts and principles, also seems apropos and applicable in the instant case. The plaintiffs' action must fail, and we so conclude.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

1. 110 Utah 109, 169 P.2d 808 (1946).
2. Sec. 78–1–11, Utah Code Annotated 1943, by re-codification, became Sec. 57–1–12, Utah Code Annotated 1953, which is identical and pertinent here.
3. 11 Utah 2d 381, 359 P.2d 1055 (1961).