470 P.2d 390

LaVell KEMP and Thelma Alice Kemp, his wife, Third-Party Plaintiffs and Appellants,

v.

ZIONS FIRST NATIONAL BANK, Defendant and Respondent.
No. 11671.

Supreme Court of Utah.
June 4, 1970.

Everett E. Dahl, Midvale, for appellants.

Brant H. Wall, Salt Lake City, for respondent.

CROCKETT, Chief Justice:

This is a suit in equity over which takes precedence: a prior in time, but later recorded, purchase money mortgage, asserted by the plaintiffs Kemp, or a later in time, but prior recorded trust deed (mortgage) asserted by the defendant Zions First National Bank. The trial was to the court with a jury. The pivotal issue as it is presented by the parties in this appeal centers upon the jury's answers to two questions as to whether the defendant Bank had notice that the plaintiffs Kemp had an interest in the property when the Bank advanced money thereon and took its mortgage:

1. Do you find that Zions First National Bank actually had notice?

A. No.

2. Do you find that the Bank  *  *  * should have been aware of such an unpaid balance?

A. Yes.

On the basis of those answers, and his own analysis of the evidence and the law, the trial judge ruled that the defendant Bank's prior recorded trust deed (mortgage) took precedence.

Plaintiffs appeal, contending that under the evidence, and the findings of the jury, the trial court was obliged to rule as a matter of law that defendant Bank had sufficient notice of plaintiffs' interest in the property that their purchase money mortgage must be deemed to take precedence over the defendant's trust deed.

It is to be borne in mind that under the long-established rule, in a suit in equity the findings of the jury are only advisory to the court. As was stated in Smith v. Richardson:

> The power to disregard or modify the findings of a jury in a chancery cause is inherent in the court, the object of the verdict being not to decide the case, but to instruct or advise the conscience of the chancellor. * * *[1]

Accordingly, in reviewing such a proceeding we do not follow the usual rule as to the findings of a jury, but give deference to the prerogative of the trial court to make the findings and judgment; and we indulge them with the same presumptions of verity that we accord them in other equitable proceedings; and we survey the record in that light.[2]

We omit facts relating to parties no longer involved in this proceeding and recite only those pertinent to the issue between the plaintiffs Kemp and Zions First National Bank. In connection with a three-cornered transfer of properties, the plaintiffs Kemp in the fall of 1964 sold and conveyed by a warranty deed to a Dr. Joseph W. Noble and his wife a home and chicken farm in Draper, Utah. To secure a remaining balance on the purchase price, they took a mortgage back from the Nobles, but did not record it at that time. The warranty deed was executed and delivered on November 19, 1964. The next day, November 20, the Nobles signed up for a loan of $35,000 from the defendant Zions Bank for which they gave the Bank a trust deed (mortgage) upon which the Bank herein relies and which was promptly recorded. The following day, November 21, 1964, the plaintiffs Kemp went to the Bank and discussed the loan and the allocation of the proceeds thereof, including the paying off of a mortgage to Prudential Federal Savings & Loan, the charges for surveying, attorneys' fees, taxes and other expenses and received for themselves the balance as a down payment on their property.

The Nobles later defaulted in their payments on the loan to defendant Zions Bank, and the latter instituted proceedings to foreclose its trust deed. Plaintiffs then brought this suit in equity claiming that

1. 2 Utah 424; see also Swanson v. Sims, 51 Utah 485, 170 P. 774.

2. See Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504; also Nokes v. Cont. Min. & Mill. Co., 6 Utah 2d 177, 308 P.2d 954.

their purchase money mortgage should take priority over the trust deed (mortgage) held by the defendant Zions Bank.

Certain findings of the trial court, which find support in the evidence, have a significant bearing on the issue here in dispute:

At the time the Kemps executed and delivered their Warranty Deed to Nobles, they knew that said Deed would be used by the Nobles for the purpose of securing the Mortgage Loan financing from Zions First National Bank, and that said Bank would require a first mortgage loan upon the properties.

\* \* \* \* \* \*

On November 20, 1964, \* \* \* Zions First National Bank prepared a document entitled "Closing Statement"; that thereafter on the 21st day of November, 1964, the said LaVell Kemp and Thelma Alice Kemp, his wife, called at the office of Zions First National Bank \* \* \*, there reviewed and approved said Closing Statement \* \* \*, and received the net proceeds \* \* \* for the Warranty Deed issued in favor of Nobles; that at no time prior to nor at the time the said Closing Statement was executed and approved did the Kemps ever \* \* \* in any manner disclose to the said Zions First National Bank \* \* \*, that any additional sums remained due and unpaid as consideration for the aforesaid Warranty Deed.

\* \* \* \* \* \*

The said Zions First National Bank had no actual or constructive notice of the existence of any unpaid balance due the Kemps or any asserted lien or claim by the Kemps against the subject properties until the recordation of the Mortgage Lien in favor of said Kemps which was accomplished by the recording of said Mortgage on the 9th day of February, 1966.

We are aware and appreciative of the soundness generally of the rule stated in the American Law of Property,[3] advocated by the plaintiffs: that a purchase money mortgage (plaintiffs Kemps' mortgage here), executed in connection with a conveyance of land, or in pursuance of an agreement, as part of a transaction, ordinarily takes preference over any other lien attaching through the financing of the transaction (Dr. Noble's mortgage to Zions); and further, more specifically, that, "Where the contest is between a purchase money mortgage to a third person who advances part of the purchase price [Zions Bank] and a purchase money mortgage to the vendor [Kemps] for the balance, the latter is given preference even if he had notice of the former."[4] But in

---

**3.** 4 Am.L. of Prop. 221–222.

**4.** Ibid.

**292**

spite of the foregoing generalities, which seem to give succor to plaintiff's contention, an examination of the authorities and the principles involved will show that the result actually depends upon the circumstances of the given case, the equities, and the effect of the recording act.[5]

■ We have been shown no authority which approves giving preference to a purchase money mortgagee under facts as found by the trial court set forth above: where such claimants had given an unrestricted warranty deed, knowing that the financing bank was going to rely on it; where the bank had neither actual nor constructive knowledge that the vendor retained an interest in the property, and the latter, who had failed to record their own mortgage, in full knowledge of the facts, went to the bank and in effect approved the transaction by accepting their share of the proceeds therefrom, but without disclosing that they retained an interest.[6]

Upon the basis of our discussion herein we can see no persuasive reason to disagree with the view taken by the trial court that the prior-recorded mortgage of the defendant Zions First National Bank should take precedence over the plaintiffs' later-recorded mortgage. Affirmed. Costs to defendant (respondent).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

5. See Osborne, Mortgages, Sec. 213, p. 561; Jackson v. Reid, 30 Kan. 10, 1 P. 308 (1883).

6. Cf. the cases of Peay v. B & N Inc., et al., 24 Utah 2d 86, 465 P.2d 1018;

Pollei v. Burger, 23 Utah 2d 381, 464 P.2d 377, for cases on somewhat different fact situations but where this court arrived at conclusions consistent with our conclusion herein.