(January 29, 1895.)

## WINTERS v. RAMSEY, STATE AUDITOR.

[39 Pac. 193.]

STATE WAGON ROAD—CONTRACT FOR CONSTRUCTION—BOARD OF EXAMINERS—ISSUANCE OF WARRANT.—Where contract for construction of a section of the state wagon road stipulates that final payment will be made when the contract is executed to the satisfaction of the state wagon road commission and the board of examiners, the auditor cannot be required to issue warrant until the road is examined by said board of examiners and their report made, and said board is entitled to reasonable time within which to make such examination.

SAME—BILL FOR FINAL PAYMENT.—The bill for such final payment must also be submitted to state board of examiners.

(Syllabus by the court.)

An original proceeding in supreme court on petition for writ of mandate.

W. E. Borah, for Plaintiffs, files no brief.

George M. Parsons, Attorney General, for Defendant.

Petitioners set up a contract executed by them, in which it is expressly stipulated that they shall receive final payment, when they have executed their contract to the "satisfaction, approval and acceptance of said wagon road commission and the

board of examiners," appointed to finally inspect, approve, and accept said division of said road. The board of examiners appointed to inspect, approve and accept it if satisfactory, have had no opportunity to make an examination. How can petitioner, at this time, contend that he has a legal right to the performance of the duty resting upon the state auditor of making final payment for the work. It is apparent from their own pleadings that the conditions precedent, that would establish their legal right to the issue of a warrant, have not been performed. *Mandamus* will not lie to compel a public officer to do an act not clearly commanded by law. (*Puckett v. White,* 22 Tex. 559.) The auditor is not a purely ministerial officer when acting officially in the settlement of accounts. (Rev. Stats., sec. 212; *State v. Applegate,* 51 N. J. L. 117, 16 'Atl. 60, 61.) When necessary for officer to examine evidence before forming his ultimate judgment, the writ will not issue. (*United States v. Seaman,* 17 How. 225; High's Extraordinary Remedies, sec. 43.) This rule extend to all officers. (High's Extraordinary Remedies, sec. 46.) Nor will it issue where there is any substantial defect in the proof of the relator's rights. (High's Extraordinary Remedies, sec. 39; *Bracken v. Wells,* 3 Tex. 88.) And the writ will not issue to compel the doing of a thing he is not yet under obligations to perform. (High's Extraordinary Remedies, sec. 36.) The defendant owes no duty to relators; the duty of the officer in this case is to the state. (*People v. Wood,* 35 Barb. 659, 660; Rev. Stats., sec. 4977.) Under the constitution the auditor has no legal right to draw his warrant until the claim of relator has been passed upon by the state board of examiners. (Idaho Const., art. 4, sec. 18; *State v. Hallock,* 20 Nev. 326, 22 Pac. 123.)

This is a petition to compel the state auditor to issue warrant to plaintiffs for the sum of $5,950, balance claimed to be due plaintiffs for the complete performance of their certain contract with the state wagon road commission of Idaho for the construction of a division of the so-called "state wagon road." The facts, as stated and admitted, are, in brief, that on the

thirtieth day of December, 1893, the plaintiffs made a contract with said state wagon road commission for the construction of a certain division of said road; that on or about the twentieth day of October, 1894, the plaintiffs fully completed said division in accordance with said contract and the specifications attached thereto; that the engineer of said state wagon road commission reviewed said road, and duly received and accepted the same as complete and finished, to the satisfaction and acceptance of said engineer. On the fifth day of January, 1895, the plaintiffs presented their said bill to the said state wagon road commission for the said balance due, to wit, $5,950; and said wagon road commission approved the same, audited and allowed the bill, authorized its payment, and certified the same to the state auditor. Said bill, so audited and approved, was then presented to the state auditor, defendant herein, with the request that he draw a state warrant to plaintiffs for said amount. The state auditor refused so to do, for the reason that the governor of the state had not been notified by said state wagon road commission of the completion until December 30, 1894, and that then, on account of the fall of snow and the shortness of the time, it was impossible for the reviewers appointed by the governor to examine and report upon said road. The attorney general, appearing for the auditor of state, enters a motion to quash the alternative writ herein, because the petition does not state the necessary facts to justify the issuing of the writ.

MORGAN, C. J. (After Stating the Facts.)—This raises the question as to whether it is necessary to have an examination of said division of said state wagon road by the reviewers appointed by the governor, and a favorable report from them, before the state auditor is authorized to issue the warrant in final payment for said work. It is perhaps sufficient to say upon this subject that both the plaintiffs and the state wagon road commissioners, being both parties to the contract for the construction of said road, have expressly stipulated in said

contract that the said plaintiffs shall receive final payment when they have executed their contract to the satisfaction, approval, and acceptance of said wagon road commissioners and the board of examiners appointed to finally inspect, approve, and accept said division of said road. We find nothing in the statutes or constitution of the state forbidding the insertion of such a clause in the contract; and, as the plaintiffs themselves have joined the state wagon road commissioners in making the approval of the board of examiners a condition precedent to receiving final payment, we must hold them to a compliance therewith. A reasonable time and opportunity must be allowed the board of examiners, called in the statute the "examining board," to make this final examination and report thereon. This examination has not yet been made, and, on account of the lateness of the season, they have had no opportunity to make such examination. We think this provision in the contract was wise, as it furnishes an additional safeguard to the state.

It is also contended by the defendant that this claim must be submitted for examination to the board of examiners, consisting of the governor, Secretary of State, and attorney general, Section 18, article 4 of the constitution provides that "the governer, Secretary of State and attorney general shall constitute . . . . a board of examiners, with power to examine all claims against the state, except salaries and compensation of officers fixed by law, . . . . and perform such other duties as may be prescribed by law." This clause of the constitution is supplemented by the statute (1st Sess. Laws, p. 46, sec. 3), as follows: "It shall be the duty of the board [state board of examiners] to examine all claims against the state, except salaries and compensations of officers fixed by law. . . . . The board may approve or disapprove any claim or demand against the state, or any item thereof, or may recommend a less amount in payment of the whole, and a decision of a majority of the members shall stand as the decision of the board. "Section 4 provides that if the auditor shall draw his warrant for any

claim or part of a claim or item thereof, which is disapproved by the board, he shall be liable upon his official bond for the same if any loss shall accrue to the state therefrom.   These sections of the constitution and the statute require all claims against the state of an unliquidated character shall be submitted to this board for approval or rejection before the auditor shall draw his warrant therefor.   This claim is of the class that must be submitted to this board, and approved by it, before the auditor can draw a warrant in payment thereof.   This position of the court is upheld in the case of *State v. Hallock,* 20 Nev. 326, 22 Pac. 123, in which this precise clause in the constitution of Nevada is passed upon by the court, and wherein the same position is taken by the court.   These conditions precedent not having been complied with, the motion to quash the alternative writ is allowed, and the petition dismissed.

Sullivan and Huston, JJ., concur.