UTAH-IDAHO SUGAR CO. v. STEVENSON et al.

No. 1908. Decided July 29, 1908 (97 Pac. 26).

1. EASEMENT—OBSTRUCTION BY OWNER OF SERVIENT ESTATE—REA-
SONABLENESS—EVIDENCE. Plaintiff irrigation company con-
demned a strip 150 feet wide and one-half a mile in length
through defendant's farm, and constructed a canal about sixty
feet wide within the strip, with paths on each side for the
use of its canal riders and other employees. Defendant's land
on each side of the canal was farming land, and adjoining his
land on the south, was farming land, and on the north a public
road. The entire tract was inclosed by fences; the fence on
the north boundary having been erected before, and that on the
south about the time of, the condemnation of the strip, both
maintained up to the water of the canal, but with a gate in each
across the canal path, so as to obviate the necessity of con-
structing a fence along the canal path through the whole length
of his farm in order to protect it, and the gates being about
twelve feet wide and easily opened and closed. Plaintiff ob-
jected to the erection of the gates as an interference with the
use of the path by its employees in driving horses along it in
dredging the canal, which was necessary several times a year
*Held,* that the facts did not show an interference with the rea-
sonable enjoyment of plaintiff's easement so as to preclude a
contrary finding.

2. SAME. The grant of a way, without reservation of the right to maintain gates, does not necessarily preclude the owner of the land from doing so, and unless it is expressly stipulated that the way shall be an open one, or it appears from the terms . of the grant, or the circumstances, that such was the intention, the owner of the servient estate may erect gates across the way, if they are constructed so as not to unreasonably interfere with the right of passage.

APPEAL from District Court, First District; W. W. Maughan, Judge.

Action by the Utah-Idaho Sugar Company against W. H. Stevenson and others. From a judgment for defendants, plaintiff appeals.

AFFIRMED.

*R. W. Young* and *Ashby Snow* for appellant.

*McGurrin & Gusten* for respondents.

### APPELLANT'S POINTS.

"Where a right of way is specifically bounded and defined in the grant or reservation, the terms of the deed will control and the question of convenient use is immaterial." (14 Cyc. 1161.)

Also: "If by the terms of the grant or reservation, the way must be of a certain width, no structures can be erected which encroach upon the width stated." (14 Cyc. 1212, note 49.)

See also to the same effect, the following cases: *Gerrish v. Shattuck,* 128 Mass. 571; *Reading v. Davis,* 26 Atl. 62; *Dickenson v. Whiting,* 6 N. E. 92; *Canal Company v. Colorado Co.,* 82 Pac. 940; *Welch v. Wilcox,* 101 Mass. 162; *Williams v. Clark,* 5 N. E. 802; *Dewire v. Hanley,* 55 Atl. 573.

In the following cases the right to maintain gates was denied by the courts: *Smith v. Worn,* 93 Cal. 206, 28 Pac. 944; *Reading v. Davis,* 26 Atl. 62; *Devore v. Ellis,* 62 Ia. 505, 17 N. W. 740; *Canal Co. v. Ice Co.,* 82 Pac. 840;

*Jewell v. Clement,* 69 N. H. 133, 39 Atl. 582; *Welch v. Wilcox,* 101 Mass. 162, 100 Am. Dec. 113; *Williams v. Clark,* 140 Mass. 238, 5 N. E. 802; *Dickinson v. Whiting,* 141 Mass. 414, 6 N. E. 92.

RESPONDENT'S POINTS.

It is a rule established by the authorities that where one grants a right of way across his land, he may shut the termini of the same by gates, which the grantee must open and close when he uses the same unless an open way is expressly granted. (*Phillips v. Dressler,* 122 Ind. 414, 24 N. E. 226, 17 Am. St. 375; *Garland v. Furber,* 132 Ind. 71, 31 N. E. 536; *Amonson v. Severson,* 47 N. H. 301; *Brill v. Brill,* 108 N. Y. 511, 15 N. E. 537; *Frank v. Beneoch,* 74 Md. 58, 21 Atl. 550, 28 Am. St. 237; *Short v. Devine,* 146 Mass. 119, 15 N. E. 148; *Green v. Goff,* 153 Ill. 534, 39 N. E. 975; *Sizer v. Quinlan,* 82 Wis. 390, 52 N. W. 590; *Hartman v. Fick,* 167 Pa. St. 18, 31 Atl. 342, 46 Am. St. 659; Washb. on Easements [4 Ed.], 255, 291; God. on Easements [Bennett's Ed.], 330; Jones on Easements, sec. 400, 415; *Boyd & Bloom* [Ind.], 52 N. E. 751; *Troux & Gregory* [Ill.], 63 N. E. 647.)

STRAUP, J.

The defendant Stevenson is the owner of 157 acres of land situate in Box Elder county. The other defendants are his lessees. In 1890 the Bear Lake & River Waterworks & Irrigation Company, for the purpose of "constructing and maintaining thereon an irrigation canal or ditch to conduct water from the Bear Lake and Bear river" for the distribution of water for irrigating purposes, condemned a strip of land 150 feet in uniform width and about a half mile in length across the middle of Stevenson's land. The canal proper, as constructed, is about sixty feet wide. During the irrigation season a stream of water courses the canal about sixty feet wide and about five feet deep. The plaintiff succeeded to all the rights of the condemner. Along the banks of the canal, and within the 150-foot strip, a kind of

roadway was constructed by plaintiff and its predecessors, which was used by their canal riders, hydrographers, and other employees in maintaining and looking after the canal. The canal runs through Stevenson's land east and west. His land on each side of the canal is farming land upon which hay and grain are grown. Adjoining his land on the south is farming land; on the north, a public highway. The entire tract of Stevenson's land is inclosed by a fence consisting of posts and wires. The fence on the north boundary, and at the north terminus of the condemned strip, was erected about one year prior to the condemnation; the fence on the south boundary of his land and at the south terminus of the condemned strip, about fifteen years ago, or about the time or shortly after the condemnation. The fences at the north and south boundaries of his land are not constructed or maintained across the canal proper, but are maintained partly on the 150-foot strip, and up to the banks or water edge of the canal. At both the north and south termini of the condemned strip the defendants erected and maintained wire gates about ten or twelve feet wide, easily opened and closed, for the use and benefit of the plaintiff in passing along its right of way and in maintaining and looking after its canal. The plaintiff brought this action to compel the defendants to remove the fences and gates from the strip of land condemned, and to prevent them from maintaining a fence or gate on any part of the 150-foot strip. The court found the facts as follows: "(3) That said 157 acres of land is inclosed and surrounded, save as across the water in the canal, by wire fences; that said fences mark the outer boundaries of said land and are a necessary and proper protection to said land and keep stock from entering upon said defendant's farm lands; that the fence on the south side of said property has been maintained by said defendants for more than fifteen years; that the fence on the north side of said property has been maintained by said defendants prior to and ever since the condemnation of said easement and the construction of the canal across said land, except that a few years ago the same was moved

a couple of rods west to make room for said highway or road which runs parallel to said lands; that on each side·of said canal on the tops of the banks of said canal and where the employees, canal riders, hydrographers, teams, and wagons of said plaintiff travel, sufficiently wide and conveniently hung, defendants have erected and constantly maintained suitable gates consisting of three or four strands of wire fastened to a fence post at one end and to a board, stick, or plank at the other end, and said board, stick, or plank held in place to the next fence post by a loop of wire which is fastened to said board, stick, or plank and looped over said fence posts; that in order to open said gates it is only necessary to lift said loop of wire off from said fence post, throw down said wires, and go through onto the property of said defendant or out of the same as the case might be. (4)   That it is a reasonable regulation by defendants in subjecting plaintiff's easement to said fences and gates, and the inconvenience of opening and closing the same does not amount to an obstruction inconsistent with a reasonable use of said easement by said plaintiff.   (5)   That the decree of condemnation of said easement does not expressly or impliedly provide that said easement shall be an open one.''   Upon these facts the court adjudged that the plaintiff was not entitled to recover, and dismissed its action.

On appeal the plaintiff urges that the finding and conclusion that the maintenance of the fences was not inconsistent with a reasonable use of the plaintiff's easement is unsupported by the evidence and is against law.   The evidence tends to show:   That, unless the defendant's land is inclosed by a fence, live stock from adjoining farms and from the highway will stray and feed on his land and damage his crops; that, unless he is permitted to maintain the fences, as constructed, he will be obliged to construct a line of fences parallel with and on each side of the canal for its· entire distance.   The evidence further tends to show that the gates maintained by defendants are easily opened and closed and afford ready ingress and egress to and from the condemned strip of land.   The fences in no manner in-

terfere with the water coursing in the canal.    The inter-
ference complained of by plaintiff is:  That, when its em-
ployees are riding or driving along the canal and approach
the fences at the north and the south boundaries of plain-
tiff's land, they are obliged to dismount and open and close
the gates at each terminus of the condemned strip; that
between June and August of each year, in order to remove
and prevent aquatic growth in the canal, it is necessary to
disc it every two weeks, and in the spring of each year to
plow and scrape it; that in discing the canal two ropes are
attached to the disc and extended to the banks of the canal
where a team of horses drawing the disc is hitched to each
end of the rope; and that the posts and fences constructed
at the outer edge of the canal at each terminus of the strip
interfere with the horses drawing the disc and traveling at
such places along the bank and with the handling of the
ropes as the two fences are approached.   But it is not made
to appear that the interference is unreasonable, or that the
plaintiff is unreasonably delayed or hindered in doing such
work, or unreasonably prevented from enjoying the uses and
benefits of its easement.   There is evidence tending to show
that as the fences are approached the ropes can be slackened
and easily lifted over the posts and fences, and the teams per-
mitted to pass on through the gateways.   Though such method
was not practicable, yet we see no great or unreasonable in-
convenience or delay if the plaintiff, as the fences are ap-
proached were required to unhook the team on one side of the
fence, drive the team through the gateway, and rehitch
it to the rope on the other side of the fence.    If
there had been  a  number  of fences along the condemned
strip, such a process might well constitute an unreasonable
delay or hindrance in the progress of the work; but, as
there were only two fences a half mile apart, we do not
see that such a process would constitute an unreasonable hin-
drance, or the fences an unreasonable interference with a

proper use of plaintiff's easement, or in doing the necessary work for the maintenance and repair of the canal.

It is well settled that

"The owner of the servient estate may erect fences along the sides of a way, but not across the way so as to entirely obstruct it. In the case of a ditch or artificial water course, he may erect fences across the course, provided the owner of the easement does not have an open right of way along the same. The grant of a way without any reservation of a right to maintain gates does not necessarily imply that the owner of the land may not do so. Unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances of the case that such was the intention of the parties, the owner of the servient estate may erect gates across the way, provided they are so located and constructed as not unreasonably to interfere with the right of passage." (14 Cyc. 1212.)

We are of the opinion that from the evidence it is not made to appear that the acts complained of so conclusively show an interference with the reasonable enjoyment by plaintiff of its easement as to preclude a contrary finding.

The judgment of the court below is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.