341 P.2d 432

Roscoe C. RICH, Leonard K. Floan, and Wallace C. Burns, Idaho Board of Highway Directors, and C. Bryce Bennett, State Highway Engineer, Plaintiffs,

v.

Joe R. WILLIAMS, State Auditor, Defendant.

No. 8788.

Supreme Court of Idaho.

June 24, 1959.

Frank L. Benson, Atty. Gen., Thomas Y. Gwilliam, E. G. Elliott, B. James Koehler, Jr., Asst. Attys. Gen., for respondent.

Wm. R. Padgett, Oscar W. Worthwine, Boise, for appellant.

SMITH, Justice.

This is an original proceeding commenced in this Court for a writ of mandate to be directed to the defendant, Joe R. Williams, State Auditor, to compel him to issue certain warrants chargeable against the appropriation of Idaho Sess.Laws 1959, ch. 83, hereinafter sometimes referred to as Chapter 83, enacted by the 35th Session of the Legislature, or to show cause why the writ should not issue. The alternative writ of prohibition issued, to which the defendant made due return and answer.

Plaintiffs in their petition allege the legislative appropriation of Idaho Sess. Laws 1959, ch. 83, of $2,000,000 "for the purpose of constructing an office building for the use of the Department of Highways and those divisions of the Department of Law Enforcement lawfully supported by appropriations from the Highway Fund of the State of Idaho;" that plaintiffs caused publication of legal notices calling for bids for the construction of the building, and that Statesman Newspapers and Daily Journal of Commerce, the publishing newspapers, submitted vouchers evidencing the publication costs in the respective amounts of $33.60 and $40.15; that although plaintiffs duly approved said vouchers as proper charges against the money appropriated by Chapter 83, defendant refuses to issue warrants drawn upon the Treasurer for payment thereof, and that defendant will continue to refuse to draw warrants as charges against the moneys so appropriated by the Chapter; that defendant's refusal to issue warrants chargeable against such appropriation prevents plaintiffs from awarding any contract for the construction of such building.

Plaintiffs pray for the issuance of an alternative writ of mandate compelling defendant to issue said warrants chargeable against the appropriation of Chapter 83 in payment of the two vouchers and all other properly certified and approved vouchers, or show cause why he has not

done so, and that the alternative writ be made permanent.

Defendant, in his return and answer to the alternative writ, grounds his refusal to issue said warrants upon three defenses, which constitute the issues which must be met in disposition of this case.

First, that Chapter 83 is unconstitutional as being an improper diversion of highway user funds constitutionally dedicated to only those purposes authorized by Idaho Constitution, Art. 7, § 17, in that by said Chapter the Legislature purports to appropriate highway user funds not only for the purpose of constructing an office building for use by the Department of Highways, but also unlimited use by the Department of Law Enforcement, some of the expenditures of which latter Department are not chargeable to the Highway Fund by reason of said constitutional limitation.

Second, that though the vouchers, evidencing the claims of the two newspapers, are duly certified and approved as proper charges against the appropriation of Chapter 83, nevertheless said vouchers have not been presented to the State Board of Examiners for examination of such claims as required by Idaho Const. Art. 4, § 18.

Third, that this Court has no jurisdiction of this proceeding, nor to grant the mandatory relief which plaintiffs seek, because said claims have not been first presented to the State Board of Examiners for examination.

We shall first consider the question of the constitutionality of Chapter 83. The relevant portions of said Chapter read as follows:

"Section 1. There is hereby appropriated out of the Highway fund of the State of Idaho the sum of $2,000,-000 to the Board of Highway Directors of the State of Idaho for the purpose of constructing an office building for the use of the Department of Highways and the Department of Law Enforcement at Boise City, Ada County, Idaho.

"Section 2. From the total sum of $2,000,000, the sum of $500,000 will be appropriated and available upon the passage of this Act. The remaining sum of $1,500,000 will be appropriated and available on July 1, 1959."

Defendant contends that Chapter 83 is violative of Idaho Const. Art. 7, § 17, which reads as follows:

"Gasoline taxes and motor vehicle registration fees to be expended on highways.—On and after July 1, 1941 the proceeds from the imposition of any tax on gasoline and like motor vehicle fuels sold or used to propel motor vehicles upon the highways of this state and from any tax or fee for the

registration of motor vehicles, in excess of the necessary costs of collection and administration and any refund or credits authorized by law, shall be used exclusively for the *construction, repairs, maintenance* and *traffic supervision* of the public highways of this state and the payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, by transfer of funds or otherwise, be diverted to any other purposes whatsoever." (Emphasis supplied.)

Idaho Code, § 40–118, reads in part as follows:

"The pèrmanent offices of the Idaho board of highway directors shall be maintained at the state capitol at Boise City, Idaho, in suitable offices and quarters assigned to the board, in the absence of which the board shall provide suitable offices and quarters in Boise City, and such equipment, records and supplies as may be deemed necessary to carry out the provisions of this act."

The question pinpointed is, whether Chapter 83 is unconstitutional as being an improper diversion of the dedicated highway user revenues.

Funds dedicated for highway user by Idaho Const. Art. 7, § 17, hereinafter sometimes will be referred to as the State highway fund, highway fund, or highway user funds.

Defendant emphasizes the prohibition of Idaho Const. Art. 7, § 17, that the State highway fund "shall be used exclusively for the construction, repair, maintenance and traffic supervision of the public highways of this state * * * ; and no part of such revenues shall ` * * * be diverted to any other purposes whatsoever." He urges that such prohibition forbids diversion of highway user funds, for the purpose of constructing an office building, which cannot be classified as construction, repair, maintenance and traffic supervision of the public highways.

■ We recognize the fundamental principle that where special funds or revenues are dedicated to a particular purpose, the same cannot be used for any other purpose, and that an act of the Legislature attempting to provide otherwise is unconstitutional. Roach v. Gooding, 11 Idaho 244, 81 P. 642; State ex rel. Moon v. Jonasson, 78 Idaho 205, 299 P.2d 755.

In determining the constitutionality of a legislative enactment, fundamental principles must be borne in mind, and rigidly observed. Noble v. Bragaw, 12 Idaho 265, 85 P. 903.

■ A legislative act is presumed to be constitutional and all reasonable doubt as

to its constitutionality must be resolved in favor of its validity. Noble v. Bragaw, supra; Ingard v. Barker, 27 Idaho 124, 147 P. 293; Smallwood v. Jeter, 42 Idaho 169, 244 P. 149; Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Sanderson v. Salmon River Canal Co., 45 Idaho 244, 263 P. 32; In re Edwards, 45 Idaho 676, 266 P. 665; Chambers v. Mc-Collum, 47 Idaho 74, 272 P. 707; Robison v. Enking, 58 Idaho 24, 69 P.2d 603; Wanke v. Ziebarth Const. Co., 69 Idaho 64, 202 P.2d 384; Boughton v. Price, 70 Idaho 243, 215 P.2d 286; Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083.

■ Where a statute is open to two constructions one of which will render it unconstitutional, and the other constitutional, the rule of construction must be adopted which will uphold it. State ex rel. Black v. State Board of Education, 33 Idaho 415, 196 P. 201; City of Idaho Falls v. Pfost, 53 Idaho 247, 23 P.2d 245; State ex rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649; State v. Peterson, 61 Idaho 50, 97 P.2d 603; Big Wood Canal Co. v. Unemployment C. Division, Etc., 63 Idaho 785, 126 P.2d 15.

■ The burden of showing the unconstitutionality of a statute is upon the party asserting it, and invalidity must be clearly shown. Eberle v. Nielson, supra, and authorities therein cited.

■ In the proper application of the foregoing rules it becomes the duty of the courts to uphold the constitutionality of legislative enactments if such can be accomplished by reasonable construction. Grice v. Clearwater Timber Co., 20 Idaho 70, 117 P. 112; Continental Life Ins. & Inv. Co. v. Hattabaugh, 21 Idaho 285, 121 P. 81; J. C. Penney Co. v. Diefendorf, 54 Idaho 374, 32 P.2d 784; Garrett Transfer & Storage Co. v. Pfost, 54 Idaho 576, 33 P.2d 743; Scandrett v. Shoshone County, 63 Idaho 46, 116 P.2d 225; State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; State v. Evans, 73 Idaho 50, 245 P.2d 788. The further rule is stated in Petition of Mountain States Telephone and Tel. Co., 76 Idaho 474, 284 P.2d 681, 683:

" 'It is fundamental that the judicial power to declare legislative action invalid upon constitutional grounds is to be exercised only in clear cases. The constitutional invalidity must be manifest, and if it rests upon disputed questions of fact, the invalidating facts must be proved.' Los Angeles Gas & Electric Corp. v. Railroad Commission, 289 U.S. 285, 53 S.Ct. 637, 645, 77 L.Ed. 1180, at page 1194."

See also State v. Rorvick, 76 Idaho 58, 277 P.2d 566.

Plaintiffs point out that the 35th Session of the Legislature appropriated in excess

of $90,000,000 from the highway fund for the 1959–61 biennium for the purposes contemplated by Idaho Const. Art. 7, § 17; that contemplated revenues of the Fund include an expectation in excess of $54,000,-000 contributions by the Federal Government on federal aid projects; that there are approximately 40,000 miles of public highways in this State of which approximately 4,700 miles constitute the State highway system; that the State highway system is administered and supervised by the Department of Highways, and the balance of the public highways requires administration and supervision of the Department in some measure; that the Department of Highways alone, as one of the agencies clothed with the duties imposed by Art. 7, § 17 of the Constitution, employs approximately 320 employees as officers, administrators, engineers, technicians, clerical staff, and others who perform services, in administrative capacities; that the Department is now occupying parts of five buildings, causing a decentralized operation, and paying rent of $1,500 a month for occupancy of buildings, in addition to buildings which it owns; that approximately three-fourths of the duties contemplated by said section of the Constitution are carried out by the Department of Highways, being the collection of the highway user revenues, the functions of administration, and of construction, repair and maintenance of public highways, and that about one-fourth there-of is carried out by the Department of Law Enforcement in the performance of duties also having to do with the collection of revenues, including taxes or fees for registration of motor vehicles, and of traffic supervision, delegated to it by the Legislature; that the functions of the Department of Law Enforcement supported by highway user revenues appropriated by the Legislature are commonly referred to as, the State Police, the Port of Entry, the Motor Carrier Division, the Motor Vehicle Division (Registrations, Titles, and Operator's License sections), Traffic Safety Division and Safety Responsibility Division, all concerned with supervision of traffic on the public highways of this State.

Plaintiffs show further, that they have accomplished the architectural planning of the building and have advertised for and received bids for its construction in and upon a 36 acre tract of land acquired by the Department of Highways.

Plaintiffs also point to the minutes of the Senate Finance and House Appropriations committees of the 35th Session of the Legislature on file with the Secretary of State, who certified receipt thereof March 25, 1959, of which this Court will take judicial notice. I.C. § 9–101(3), § 67–604 and § 67–901; White Pine Mfg. Co. v. Morey, 19 Idaho 49, 112 P. 674; Albrethsen v. State, 60 Idaho 715, 96 P.2d 437; Ineas v. Union Pacific R. Co., 72 Idaho 390, 241

P.2d 1178; as said in Keenan v. Price, 68 Idaho 423, 195 P.2d 662, 668:

"We take judicial notice of the public and private acts of the legislature (Sec. 16–101(3), I.C.A. [now I.C. § 9–101(3)]), and the Journals of the legislative bodies to determine whether an act of the legislature was constitutionally passed and for the purpose of ascertaining what was done by the legislature."

Those minutes of a joint meeting of the committees, January 5, 1959, show investigations and studies made, relating to the necessity for the office building referred to in Chapter 83, by a firm of management consultants, and by engineer personnel and plaintiff directors. Such show a mass of factual data and indicate careful study and consideration of the housing problem by the Department of Highways, its officers and engineering staff, which support the conclusion that the offices presently occupied by the Department are extremely inadequate. The recommendation follows, that $2,000,-000 from highway user funds be appropriated for the construction of the building (pp. 43–47 of said minutes).

At the hearings it developed that of the $2,000,000 requested, $500,000 was available from appropriations made to the Department by the 34th Session of the Legislature, and the $1,500,000 balance to be appropriated for the current biennium, commencing July 1, 1959. The committees, meeting in joint session February 2, 1959, approved the plan of appropriating $1,500,000 for the new building; see page 45 of said minutes where the $500,000 is included in the Department's appropriated budget for the quarter ending June 30, 1959, and the $1,500,000 allocated to the ensuing 1959–61 biennium budget; also pp. 157 and 159 where the committees recommended and voted the $1,500,000 appropriation on such basis.

It is therefore clear that the Legislature fully considered and made its finding relative to the necessity for such building and fully considered the sources of revenue therefor.

If defendant's assertion is correct, that no part of the highway fund can be used for an office building, then this Court would be required to adopt the strained construction, that the Departments of State, charged by the Legislature with performance of the duties set forth in Idaho Const. Art. 7, § 17, could not rent space necessary for occupancy of its staff of administrative, engineering, technical, office and other requisite personnel. Under such a construction it would be impossible for the Departments of State, charged with the duties contemplated by said section of the Constitution,—presently the State Highway Department and the Department of Law Enforcement—to function without adequate

office facilities, and for the performance of which functions the Legislature presently appropriates at the rate of some $45,000,000 a year.

The Supreme Court of Montana, in Guillot v. State Highway Commission, 102 Mont. 149, 56 P.2d 1072, 1073, had under consideration an almost identical situation as herein. In that case the petitioners sought to prohibit the Montana Highway Commission from constructing an office and housing building with dedicated highway funds. The Montana statute, Laws 1927, ch. 19, § 13, which the Court construed, read in part:

"'All money received by the State Treasurer in payment of license taxes under the provisions of this Act, shall be deposited by him in, and credited to, the State Highway Fund. All money so collected and deposited * * * shall be used and expended by the State Highway Commission in the construction, reconstruction, betterment, maintenance, administration and engineering on the Federal Highway system of highways in this state * * * and * * * highways leading from each county seat in the State to said Federal Highway system * * * and * * * such other roads as have been or may be authorized by the laws of Montana.'"

The Court stated the question to be determined:

"* * * whether or not the construction of buildings for the housing of machinery, equipment, engineering, and administration employees; for drafting, testing of materials, and directing construction, is necessary in the administration of the highway department as a part of its legitimate 'overhead,'"

Montana Rev.Codes 1921, § 1783, as amended Laws 1925, ch. 129, required the office of the Highway Commission to be maintained at the State Capitol Building. The Montana Supreme Court first ruled that the Legislature could not conceivably have intended that the administration, supervision, construction, reconstruction, betterment and maintenance of upward of 5,000 miles of Montana's state and federal aid highways and their connections, forming a network over a vast area of the state, should be conducted exclusively from such an office. On a showing that such a building was necessary for the proper functioning of the Highway Commission, the Montana Court then ruled:

"On the showing made it is apparent that the State Highway Commission cannot function effectively without additional housing facilities and that the condition is becoming more acute as time passes; * * * and that the

erection of the building is, under the sweeping authority vested in the commission, a proper function in the administration of the highway program, * * *."

In State ex rel. King County v. Murrow, 199 Wash. 685, 93 P.2d 304, 307, the Washington Court adopted the definition of "maintenance" as it relates to public roads, as set out in Crow v. Tinner, Tex.Civ.App., 47 S.W.2d 391, 392, as follows:

"We must first ascertain what is meant by *maintenance* of roads. It has been held that the phrase 'maintenance of public roads' is not restricted literally to the manual labor of repairing existing roads. The phrase has a broader meaning and includes the doing of everything necessarily and appropriately connected with and incidental to the laying out, opening, and the construction of public roads and the maintenance of an efficient road system. (Italics ours.)"

In 40 C.J.S. Highways p. 23, § 176(d), we find the following:

"Administrative salaries and expenses are properly payable from a fund for the construction and maintenance of roads."

fortified by decisions of the courts of last resort of the States of Alabama, Arkansas, Florida, Minnesota, Oklahoma and Tennessee.

In State ex rel. Hartley v. Clausen, 150 Wash. 20, 272 P. 22, the court, in deciding that a state highway committee, in the absence of express statutory authority to employ a consulting engineer to advise it relative to matters which the statute made it the duty of the committee to pass upon, held that implied authority therefor existed, and then stated:

"It is a well-recognized rule of law that, if a board is charged with a specific duty and the means by which the duty is to be accomplished are not specified or provided for, the board so charged has the implied power to use such means as are reasonably necessary to the successful performance of the required duty."

Defendant cites State ex rel. Moon v. Jonasson, 78 Idaho 205, 299 P.2d 755, 757, as prohibiting the appropriation by Chapter 83 for the purpose of constructing the office building. That case declared unconstitutional an enactment of the Legislature attempting an appropriation from the Highway Fund for the purpose of advertising the highways of the State and encouraging travel thereon. Therein this Court, after reviewing the purposes for which the Highway Fund may be expended, as authorized by Idaho Const. Art. 7, § 17, ruled: "Advertising the State is not within any of the categories above enumerated;" also, that advertising did not, as the appellants there-

in asserted, come within the meaning of "maintenance" as used in such section of the Constitution. Clearly, that case is distinguishable from the case at bar as shown by the cases hereinbefore quoted from and cited, particularly Guillot v. State Highway Commission of Montana, supra; State v. Murrow, supra; and State ex rel. Hartley v. Clausen, supra.

Defendant also relies on Roach v. Gooding, 11 Idaho 244, 81 P. 642, 643, as prohibiting the appropriation by Chapter 83. The question in that case was whether interest on the permanent school funds created by §§ 5 and 8 of the Idaho Admission Bill, 26 Stat. 216, could be used for the permanent improvement, erection and equipment of a domestic science building at the State University. This Court ruled that the interest could not be so used because of the provision of § 5 of the Bill that "the interest of which [the funds] only shall be expended in support of said schools," and of § 8, that the "income thereof be used exclusively for University purposes." This Court, in so deciding, adopted the reasoning of Sheldon v. Purdy, 17 Wash. 135, 49 P. 228, 230; therein the Washington Supreme Court, in deciding a similar matter, held that the extraordinary expenditures necessitated by constructing a school building and purchasing a site, could not be classified as regular continuing expenditures for maintaining schools, within the well defined acceptance of the terms "support" and "current expenses." This Court then ruled that the limitation, contained in the Idaho Admission Bill, of the use of the incomes on permanent school funds, prohibited expenditures thereof for the permanent improvements.

Art. 7, § 17, of our Constitution contains words of much broader import relating to the authorized expenditures of the highway fund, than does the Idaho Admission Bill as to expenditure of incomes on the permanent school funds. Those words of broad import contained in said section of the Constitution have been held to include all aspects of laying out, opening, construction and maintenance of an efficient highway system, State v. Murrow, supra, including housing facilities requisite for the proper housing and protection, and the functioning of the myriad of activities necessarily attendant to carrying out the objectives of such section of the Constitution. Guillot v. State Highway Commission of Montana, supra.

Defendant asserts a further ground of unconstitutionality of Chapter 83 in that it does not limit the use of the contemplated office building by the Department of Law Enforcement to that department's functions as they relate to the collecting of highway user funds, registration of motor vehicles and traffic supervision of the public highways of this state,—functions supported by appropriations from the highway fund.

We are unable to accede to such view. Article 7, § 17, of the Constitution mentions no departments or divisions of government.. It leaves to the Legislature the designation of the departments of government to which may be delegated the performance of the functions and duties contemplated thereby. The Legislature has delegated duties of construction, repair, maintenance and collection of certain of the revenues, and of traffic supervision, to the Department of Highways, and to the Department of Law Enforcement duties of registration of motor vehicles, collection of taxes and fees relating thereto, collection of certain of the revenues, and of traffic supervision. Aspects of administration, clearly apply to all the contemplated functions, since it is implicit in said section of the Constitution that the performance of all the functions thereby contemplated, require administration and supervision, and requisite housing of personnel and facilities.

Our State Constitution is a limitation, not a grant of power, and the Legislature has plenary powers in all matters, except those prohibited by the Constitution. Idaho Const. Art. 1, § 21; Eberle v. Nielson, 78 Idaho 572, 578, 306 P.2d 1083, and authorities therein cited.

It therefore follows that the Legislature has the power to delegate to the Department of Law Enforcement, as a department of government, the performance of certain duties and functions within the purview of Art. 7, § 17, of the Constitution, and for the performance thereof, to make appropriations to said department from the highway fund.

Clearly the Legislature intended the use of the building contemplated by Chapter 83 only by those departments of government to which is delegated the performance of the functions and duties within the purview of Idaho Const. Art. 7, § 17. This prohibition is implicit in such section of the Constitution. Clemens v. Pinehurst Water District, 81 Idaho 213, 339 P.2d 665.

We therefore are of the view that Idaho Sess. Laws 1959, Chap. 83, evidencing the appropriation of the Legislature from the highway fund for the uses and purposes therein set forth is constitutional and in nowise violative of Idaho Const. Art. 7, § 17.

The next issue is whether the two vouchers involved in this case, and other vouchers drawn in payment of claims, contemplated to be paid by the appropriation of Chapter 83, must be presented to the Board of Examiners for examination.

Idaho Constitution, Art. 4, § 18, reads in part:

"Board of examiners.—The governor, secretary of state, and attorney-general shall constitute a board of examiners, with power to examine all claims against the state, except salaries

or compensation of officers fixed by law, * * * And no claim against the state, except salaries and compensation of officers fixed by law, shall be passed upon by the legislature without first having been considered and acted upon by said board."

Plaintiffs assert that the State Board of Examiners has no constitutional jurisdiction over the Highway Fund; and assert in support thereof that the Legislature by enactment of the Highway Administration Act of 1951, Idaho Sess.Laws 1951, ch. 93, codified as I.C., Title 40, ch. 1, intended to vest in the Department of Highways and its directors the control of said Fund and the expenditures therefrom.

Plaintiffs point to I.C. § 40–120(10) which provides that the Board of Highway Directors are empowered to receive moneys from the federal government and other sources, and expend it for the construction and improvement of any state and federal-aid highway system; that subsection (12) of such section of the statute empowers said Board to expend funds appropriated for the construction, maintenance and improvement of the state highways; and subsection (25) of such section of the statute empowers the Board to establish rules and regulations consistent with the laws of this State for the expenditure of all moneys appropriated or allotted to the Department of Highways or the Idaho Board of Highway Directors.

Plaintiffs also cite I.C. § 40–128 which provides, among other things, that funds, appropriations and other moneys appropriated or provided by law for the administration of the functions, powers and duties of the Department and its Board, including the Highway Fund, are transferred and made available to and placed under the control of the Idaho Board of Highway Directors and appropriated for expenditure by it.

Plaintiffs also refer to I.C. § 40–138 which declares the intention of the Legislature that the provisions of the Highway Administration Act of 1951 shall control and supersede the provisions of existing laws and any laws enacted at the 31st (1951) Session of the Legislature.

Plaintiffs, however, fail to point out the additional provision of I.C. § 40–128, that although the funds, appropriations and moneys now or hereafter appropriated as provided by law for the administration of the functions, powers and duties of the Department of Highways and the Idaho Board of Highway Directors, are transferred, made available and placed under control of said Board for expenditure, nevertheless, such funds *"shall be paid out by the state treasurer in the manner provided by the constitution and the laws of the state of Idaho."* This is a specific legislative recognition of the superior authority of Idaho Const. Art. 4, § 18, which prohibits the payment of claims against the State, except salaries and

compensation of officers fixed by law, unless examined by the Board of Examiners; also I.C. § 40–2212, relating to appropriation of moneys in the Highway Fund, recognizes the superior constitutional power and duty of the Board of Examiners to examine claims, by the provision thereof reading:

"* * * all claims against the said state highway fund shall be examined by said department of highways and certified to the state auditor, who shall, *upon the approval of the board of examiners,* draw his warrant against said state highway fund for all bills and claims so allowed by said department of highways." (Emphasis supplied.)

We are unable to accede to the assertion of plaintiffs that I.C. § 40–2212 is superseded by I.C. § 40–138. I.C. § 40–2212 recognizes the constitutional authority of the Board of Examiners to examine all claims against the Highway Fund, and in recognizing such constitutional authority certainly such section of the statute is not in conflict with Idaho's Constitution, or I.C. Title 40, ch. 1, cited as the Highway Administration Act of 1951.

We therefore hold that the claims involved in this case must be first presented to the Board of Examiners for examination, as well as all other claims against the Highway Fund, "excepting salary or compensation of officers fixed by law," as required by Idaho Const. Art. 4, § 18. See also Pyke v. Steunenberg, 5 Idaho 614, 51 P. 614; Kroutinger v. Board of Examiners, 8 Idaho 463, 69 P. 279; Bragaw v. Gooding, 14 Idaho 288, 94 P. 438; Gem Irrigation District v. Gallett, 43 Idaho 519, 253 P. 128; State Water Conservation Board v. Enking, 56 Idaho 722, 58 P.2d 779; State ex rel. Hanson v. Parsons, 57 Idaho 775, 69 P.2d 788.

This does not mean, however, that the Board of Examiners is vested with authority by either the Constitution or statute to override the expressed will of the Legislature. By our Constitution the power to make and determine policy for the government of the State is vested in the Legislature, Idaho Const. Art. 2, § 1, and Art. 3, § 1. Saccamonno v. Great Northern Ry. Co., 30 Idaho 513, 166 P. 267; Luker v. Curtis, 64 Idaho 703, 136 P.2d 978; Hanson v. De Coursey, 66 Idaho 631, 637, 166 P.2d 261, 263; State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328.

The Legislature having considered and determined the necessity for the building authorized by Chapter 83, and that its construction is in the interest of the people of the State, and having by the enactment of said Chapter approved the project by appropriating funds for its construction, the Board of Examiners is without power to veto the act, or reverse the policy thus declared, by refusing to approve valid claims properly presented, in execution thereof. As to such claims, the authority of the

Board of Examiners is limited to determining that the claims are in proper form, properly certified to the State Auditor by the Department of Highways, and chargeable against the appropriation.

The power and duty of the executive department of government through its Board of Examiners to "examine" claims, thereby to determine that the appropriation is expended for the purpose for which appropriated, is further evidenced by Idaho Const. Art. 7, § 13:

"No money shall be drawn from the treasury, but in pursuance of appropriations made by law."

As stated in Epperson v. Howell, 28 Idaho 338, 154 P. 621, 623:

"An appropriation, within the meaning of our Constitution * * * [Art. 7, § 13] is authority from the Legislature expressly given in legal form to the proper officers, to pay from public moneys a specified sum, and no more, for a specified purpose, and no other."

The remaining question is whether this Court has jurisdiction to rule upon the issues herein inasmuch as the claims evidenced by said vouchers were not first presented to the Board of Examiners, for which reason the mandate cannot issue.

Idaho Const. Art. 5, § 9, in part, provides:

"The Supreme Court shall also have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction."

I.C. § 7-302 provides that a writ of mandate may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, * * *." Defendant, by his pleading, has preserved the issue by his refusal to issue any warrant until and unless Chapter 83 be declared constitutional regardless of whether as a condition precedent the claims against the appropriation by Chapter 83 be first presented to the Board of Examiners.

This Court in Boughton v. Price, 70 Idaho 243, 215 P.2d 286, 288, determined a question of similar import in the following language:

"In determining our jurisdiction to hear and determine this case, we are not concerned with whether the petition states a good cause of action, with whether the plaintiff is entitled to the relief prayed for, or with whether we have power to render a declaratory judgment in a mandamus proceeding, or at all. We are only concerned with whether the action belongs to that class of cases of which we have original jurisdiction."

Richardson v. Ruddy, 15 Idaho 488, 494, 98 P. 842, 844, referred to in the Boughton

case, quotes from Brown on Jurisdiction, as follows:

"Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during trial."

See also Wayne v. Alspach, 20 Idaho 144, 116 P. 1033; Sizemore v. Board of County Comm'rs, 36 Idaho 184, 210 P. 137.

Though this Court cannot grant the remedy which plaintiffs seek, simply because the claims involved had not been first presented to the Board of Examiners as required by Idaho Const. Art. 4, § 18, and I.C. § 40–2212, we recognize our duty in the premises by virtue of the public importance of the constitutional question raised. We quote from Luker v. Curtis, 64 Idaho 703, 136 P.2d 978, 979, as follows:

"The conclusions we have reached, concerning the merits of the case, convince us of the public importance of a decision upon the constitutional question raised. Since the case has been fully briefed and argued on the merits,

and in the light of its great public importance, it is thought that we should reserve our opinion on the question of technical procedure and pass upon the merits of the case at this time and set the question at rest. Toncray v. Budge, 14 Idaho 621, at page 645, 97 P. 26; State Water Conservation Board v. Enking, 56 Idaho 722, 726, 58 P.2d 779."

The peremptory writ is denied and the proceeding dismissed.

PORTER, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.