348 P.2d 944

Wm. R. PADGETT, Plaintiff,

v.

Joe R. WILLIAMS, State Auditor, Defendant.

No. 8829.

Supreme Court of Idaho.

Jan. 29, 1960.

Wm. R. Padgett, Oscar W. Worth-wine, Boise, for plaintiff.

Frank L. Benson, Atty. Gen., E. G. El-
liott and Thomas Y. Gwilliam, Asst. Attys.
Gen., for defendant.

**TAYLOR, Chief Justice.**

This is an original proceeding for writ of mandate to compel the defendant, Joe R. Williams, as state auditor, to issue a warrant chargeable against the appropriation made to the Idaho board of highway directors by Idaho Session Laws, 1959, Chap. 114, enacted by the 35th session of the legislature, in payment of plaintiff's salary as legal counsel to the board. Al-ternative writ was issued, to which defendant filed a demurrer and motion to quash as well as return and answer.

Plaintiff is a member of the bar of this court in good standing. Defendant is the duly elected, qualified and acting state auditor of this state.

Plaintiff alleges that on August 1, 1956, he was appointed by the Idaho board of highway directors as attorney for the board with the designation of assistant attorney general; that he retained such position with such designation until August 6, 1959; that on August 7, 1959, the board reaffirmed its appointment of plaintiff as its attorney without the designation of assistant attorney general and set his compensation at a fixed monthly salary; that on August 20, 1959, plaintiff's name was submitted to the defendant on the regular monthly payroll voucher of the department of highways, properly certified by the state highway engineer, together with the names of 306 other officers and employees of the headquarters' office of the department; that defendant issued warrants to all officers and employees listed on said payroll voucher except plaintiff; that defendant did not submit this payroll voucher to the state board of examiners for approval; and that defendant refuses, and continues to refuse, to draw a warrant to plaintiff in payment for services as an employee of the Idaho board of highway directors. By both his demurrer and motion to quash defendant

contends the petition is insufficient to entitle plaintiff to the relief sought in that it appears therefrom that plaintiff's claim was not first presented to the state board of examiners.

In his answer and return defendant

"alleges the facts, in this connection, to be that the Idaho Board of Highway Directors did submit its regular monthly payroll, for the month of August, 1959, setting forth the claims for wages due its officers and employees for the said month of August including that of plaintiff to defendant; that defendant, in turn, submitted said payroll, except the claim of the plaintiff, to the State Board of Examiners for its consideration; that said Board of Examiners approved said payroll; that the defendant had been directed by the Board of Examiners to disallow and refuse to pay to the plaintiff any claim for wages subsequent to August 6, 1959, and that the payroll submitted by the Idaho Board of Highway Directors provided for the payment of wages to the plaintiff for the entire month of August."

Although this pleading is not entirely clear, it is obvious therefrom that plaintiff's claim was considered and disallowed by the state board of examiners, and that defendant's refusal to draw a warrant in favor of plaintiff for the payment thereof was obedient to the direction of the board.

Idaho Code, § 67–2012 provides:

"For all institutions or departments where the officers and employees are paid a fixed monthly salary, a voucher may be submitted in the form of a monthly payroll covering the compensation of such officers and employees. Subject to the rules of the state board of examiners, a warrant will be issued by the state auditor to each person carried on such rolls for the amount shown thereon. The vouchers must contain a certificate from the head of the department or institution to the effect that the services were necessary in the public service, that they were actually rendered as charged, that the rate of pay of each individual carried thereon has been lawfully fixed by proper authority and that the account is correct and just."

Defendant does not contend that there was a want of compliance with this statute or any rule or rules of the state board of examiners. Idaho Code, § 40–2212 in part provides:

"All moneys at any time in the state highway fund, * * * are hereby appropriated for the purpose of defraying the expense, debts and costs incurred in carrying out the powers and duties of the department of highways as provided by law, and for defraying all administrative expenses of the department of highways, including

salaries of the Idaho board of highway directors and salaries and/or wages of all subordinates and employees of the department of highways and Idaho board of highway directors, * * * and all claims against the said state highway fund shall be examined by said department of highways and certified to the state auditor, who shall, *upon the approval of the board of examiners*, draw his warrant against said state highway fund for all bills and claims so allowed by said department of highways." (Emphasis supplied.)

■ In Rich v. Williams, 81 Idaho 311, 341 P.2d 432, we held that the foregoing section requires claims against the state highway fund to be first presented to the state board of examiners "for examination." As above stated, defendant's answer inferentially alleges that this statutory requirement was complied with.

Defendant further contends that he is prohibited from complying with the alternative writ by the provisions of Idaho Const., art. 4, § 18, and I.C. §§ 67–1008, 67–2018, 67–2023. It is urged that by these constitutional and statutory provisions, not only must plaintiff's claim be examined by the state board of examiners, but that if not approved by the board defendant is prohibited from drawing a warrant therefor.

Article 4, § 18, clothes the state board of examiners with "power to examine all claims against the state."

Idaho Code, § 67–1008, requires:

"All persons having claims against the state must exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed by the board of examiners, within two years after such claims shall accrue, and not afterward. * * *."

Idaho Code, § 67–2018, makes it the duty of the state board of examiners to examine all claims and that it may approve or disapprove any claim or demand against the state, or any item thereof.

Idaho Code, § 67–2023, provides that the auditor shall be liable upon his official bond for the payment of any claim which is disapproved by the board of examiners.

■ It is plaintiff's contention that these constitutional and statutory provisions have application only to unliquidated claims against the state and are not applicable to his claim for salary regularly fixed by the department of highways. The following authorities support this view: Winters v. Ramsey, 4 Idaho 303, 39 P. 193; State v. National Surety Co., 29 Idaho 670, 161 P. 1026, 2 A.L.R. 251; Davis v. Moon, 77 Idaho 146, 289 P.2d 614; State ex rel. Lyon County v. Hallock, 20 Nev. 326, 22 P. 123; State ex rel. Schneider v. Cunningham, 39

Mont. 165, 101 P. 962. As to that issue we confine our decision to the claim in question. Here the claim was, in fact, considered and rejected by the board. Under Const., art. 4, § 18, the legislature is authorized to require the state board of examiners to "perform such other duties as may be prescribed by law". As we held in Rich v. Williams, supra, by I.C. § 40–2212, supra, the legislature required presentation of plaintiff's claim to the board of examiners. However, plaintiff's claim, like the claims involved in Rich v. Williams, is a claim based upon an obligation authorized by the legislature against a specific appropriation made by the legislature.

> "* * * As to such claims, the authority of the Board of Examiners is limited to determining that the claims are in proper form, properly certified to the State Auditor by the Department of Highways, and chargeable against the appropriation." Rich v. Williams, 81 Idaho 311, 341 P.2d 432, at 441.

Defendant further contends that only the attorney general of the state of Idaho, or his duly appointed assistants, can represent the state highway board in the courts of this state, and that the appointment of plaintiff as legal advisor to said board is an infringement on and an invasion of the duties, rights and powers constitutionally imposed on and vested in the attorney general; that the appointment of plaintiff as legal advisor to the Idaho board of highway directors by said board is without constitutional or statutory authority; that our constitution, art. 4, § 1, in establishing the office of attorney general, vested in that office all powers and duties held and exercised by said office under the common law and vested therein by statutes in existence at the time of the adoption of our constitution; further, that the legislature cannot deprive the attorney general of any of these powers and duties, abolish his office, or transfer his powers and duties, or any part thereof, to any other office or officer.

The office of attorney general was first created by the territorial legislature in 1885. General Laws, Territory of Idaho, 13th Sess., 1884–1885. Section 3 thereof provided:

> "It shall be the duty of the Attorney-General appointed under the provisions of this act to prosecute all actions to which the people of the Territory of Idaho are a party, in the Supreme Court of the Territory, and all actions in which the Territory or any county thereof is a party in such Supreme Court, also all actions to which a Territorial officer in his official capacity is a party in the Supreme Court or any District Court of the Territory, and in all such cases he shall appear on behalf of the people, Territory, County or Territorial officer; he shall also act as legal advisor of all Territorial officers,

and he shall give his opinion in writing upon any and all questions upon which he may be requested to give an opinion by any Board of County Commissioners in the Territory and perform such other duties as may be by law required of him."

This enactment was repealed by the 14th session of the territorial legislature, Rev. Stat.1887, § 17. In its place the legislature enacted § 250, which in part reads:

"It is the duty of the Attorney General:

"1. To attend the Supreme Court and prosecute or defend all causes to which the Territory or any officer thereof, in his official capacity, is a party; and all causes to which any county may be a party, unless the interest of the county is adverse to the Territory or some officer thereof acting in his official capacity: * * *."

Except for certain minor changes, the duties imposed upon the attorney general by Rev.Stat.1887, § 250, are identical to those now found in I.C. § 67–1401.

Our constitution, art. 4, § 1, provides:

"The executive department shall consist of a governor, lieutenant governor, secretary of state, state auditor, state treasurer, attorney general and superintendent of public instruction * * *. *They shall perform such duties as are prescribed by this Consti-*

*tution and as may be prescribed by law."* (Emphasis supplied.)

To support his contention that art. 4, § 1, vested in the office of attorney general all powers and duties held and exercised by said office at common law, and by statutes in existence at the time of the adoption of our constitution, defendant relies primarily upon the case of Wright v. Callahan, 61 Idaho 167, 99 P.2d 961. We cannot agree with defendant's interpretation of that decision. The holding in the Callahan case merely means that upon the creation by Const. art. 4, § 1, of the office of state auditor, that office became impliedly vested with those powers and duties theretofore held and exercised by the territorial "controller" as set out in Rev.Stats., Idaho, 1887, §§ 205, 222. See also, Monson v. Boyd, 81 Idaho 575, 348 P.2d 93.

■ Assuming, arguendo, that the decision in Wright v. Callahan, supra, is correct, even in light of Idaho Const. art. 21, § 2, which provides:

"All laws now in force in the territory of Idaho which are not repugnant to this Constitution shall remain in force until they expire by their own limitation or be altered or repealed by the legislature."

it by no means follows that the office of attorney general became impliedly vested with common law powers upon the adoption of our constitution, which were not thereafter

subject to legislative change. Indeed, even those states which hold that the attorney general is clothed with common law powers, with but one exception (Illinois), conclude that such powers are subject to the legislative will. Darling Apartment Co. v. Springer, 25 Del. 420, 22 A.2d 397, 137 A.L.R. 803, 817. We conclude, therefore, that the office of attorney general is not constitutionally vested with any common law powers and duties that are immune to legislative change. Cf. State ex rel. Clancy v. Hall, 23 N.M. 422, 168 P. 715; State v. Davidson, 33 N.M. 664, 275 P. 373; Shute v. Frohmiller, 53 Ariz. 483, 90 P.2d 998; State v. Industrial Commission, 172 Wis. 415, 179 N.W. 579; State ex rel. McKittrick v. Missouri Public Service Commission, 352 Mo. 29, 175 S.W.2d 857.

■ Whether our legislature has delegated to the Idaho board of highway directors the power to hire legal counsel of its own choosing, remains for our consideration.

Idaho Code § 40–120 provides in part:

"The Idaho board of highway. directors, subject to the right of protest hereinafter provided for, shall be vested with the functions, powers and duties relating to the administration of this act and shall have power to:

\* \* \* \* \* \*

"(22) Exercise exclusive control over the employment, promotion, reduction or dismissal of all employees of the state highway department, and fixing their compensation. \* \* \*"

This statute clothes the board of highway directors with *exclusive.* control over the employment, promotion, reduction, or dismissal of *all* employees of the state highway department, and the fixing of their compensation. Clearly the legislature intended the Idaho board of highway directors to be free to employ any person it may deem competent and suitable for the position to be filled. The board is to have *exclusive* control over all such matters.

Idaho Code § 40–121, authorizing determinations to be made by the board of highway directors and providing procedure on appeals therefrom, reads in part:

"Within ten days after the written decision shall have been served, an appeal may be taken from such decision by such interested city, village or board of county commissioners to the district court in and for the county in which such city or village affected by said order is located. The appeal shall be taken and perfected in the following manner:

"1. The appellant shall file with the clerk of the district court of the proper county, and serve upon the board of highway directors, notice specifying the grounds of appeal, and a certified copy of the decision of the highway

board appealed from. Thereafter said district court shall have jurisdiction of said matter and may make any order or judgment that the equities of the case require. Upon such appeal being perfected, such appeal shall receive a preferential place on the calendar of the district court.

"2. Appeal shall be heard and determined by the district court in a summary manner as in a suit in equity, and the trial thereof shall be a trial de novo on the issues framed. The court may affirm, reverse, or modify the order appealed from and may issue injunctions whenever it appears necessary for the protection of the interests of any party to said appeal.

\* \* \* \* \* \*

"Any final order or judgment of the district court under this section shall be appealable to the Supreme Court of the state of Idaho within 30 days following the entry of such final order or judgment in the same manner as appeals in civil actions are taken to the Supreme court."

This section of the statute contemplates the need of legal counsel to represent the highway board, and constitutes a legislative recognition of the authority granted by I.C. § 40–120(22) to employ counsel. The foregoing is illustrative only. Many other duties imposed upon the highway board occasion the need of legal counsel.

■ Finally defendant contends that this court has at all times recognized the exclusive right of the attorney general to represent the state in all actions involving the highway department and that such recognition was made final and conclusive by the adoption of rule 4(d) (4) of the Idaho Rules of Civil Procedure. That rule provides that service upon the state or any agency thereof may be made by delivering two copies of summons and complaint to the attorney general or to an assistant attorney general. We need only state that no rule of procedure adopted by this court can impair or defeat the legislatively conferred power of the board of highway directors to employ and fix the compensation of its necessary legal counsel. Idaho Const. art. 2, § 1.

■■ From the record it appears that the action of the state board of examiners in directing the defendant to disallow and refuse to pay the plaintiff's claim was based upon the proposition asserted by the defendant that only the attorney general or his assistant could act as counsel for the board of highway directors, and therefore the board was not authorized to employ plaintiff after August 6, 1959, when he ceased to be an assistant attorney general. Defendant state auditor does not allege nor urge any other ground for his refusal to pay the claim, or for the action of the board thereon. As hereinbefore stated we find this ground of refusal to pay plaintiff's

claim to be without foundation. However, he is not authorized to speak for the board. He cannot waive any objection the board might urge, within the limits of its authority as defined in Rich v. Williams, 81 Idaho 311, 341 P.2d 432, upon the claim being presented to it in a formal manner. Nor may the state board of examiners speak for itself herein, since it is not a party.

We have entertained and determined the question of the authority of the board of highway directors to employ counsel, though it does not appear that plaintiff's claim was formally presented to the state board of examiners, because of the public importance of the question, and because the original jurisdiction of this court encompasses the issues presented. Boughton v. Price, 70 Idaho 243, 215 P.2d 286; Rich v. Williams, supra. The principle announced and followed in those decisions justifies and requires a complete determination of the issues.

Defendant is hereby ordered and directed to present the plaintiff's claim to the state board of examiners, and to draw a warrant in favor of plaintiff for payment thereof, when the claim is approved by the board. In the event the board does not disapprove the claim on a ground upon which it is authorized to base a disapproval as defined in Rich v. Williams, supra, within reasonable time, then defendant is hereby directed to draw a warrant for the payment thereof. Defendant is further ordered to make due return hereof.

It is further ordered that a writ be issued accordingly.

SMITH, KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., sat at the hearing but died before the court reached its decision.